DAVID LOPEZ, ESQ.  DL6779
Attorney for Plaintiff (*Pro Hac Vice Applicant*)
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:       631.283.4735
e-Mail:   DavidLopezEsq@aol.com

WILLIAM R. FUHRMAN, ESQ. 58751
Attorney for Plaintiff
539 Encinitas Boulevard, Suite 111
Encinitas, California 92024-3748
San Diego, California 92024-4548
Tel:        760.479.2525
Fax:       801.760.4548
e-Mail:   Bill@SDiegolaw

**ORIGINAL**

08 MAR 19 PM 3:09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:   CP       DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0510 JM WMc

| | |
|---|---|
| DEBORAH DONOGHUE,  )<br>)<br>Plaintiff,  )<br>)<br>- against -  )<br>)<br>IMMUNOSYN CORPORATION,  )<br>ARGYLL BIOTECHNOLOGY LLC,  )<br>DOUGLAS McCLAIN, JR. and  )<br>JAMES T. MICELI,  )<br>)<br>Defendants.  )<br>) | **COMPLAINT FOR RECOVERY OF OF SHORT-SWING PROFITS BY SHAREHOLDER**<br><br>(Jury Trial Demanded) |

**DEBORAH DONOGHUE**, by David Lopez, Esq. and William R. Fuhrman, her attorneys, complaining of the defendants, respectfully alleges the following upon

1

information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of IMMUNOSYN CORPORATION ("IMMUNOSYN"), a Delaware Corporation with principal offices at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3. At all times relevant the common stock of IMMUNOSYN was registered under Section 12(g) of the Act and was and is traded on the over-the-counter market through market makers located within this district.

4. This action is brought in the right and for the benefit of IMMUNOSYN which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant ARGYLL BIOTECHNOLOGIES LLC ("ARGYLL") was and is a Texas limited liability entity with principal offices at 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

2

6. ARGYLL was and is a beneficial owner of more than 10% of the common stock of IMMUNOSYN and thereby within the reach of Section 16(b) of the Act with respect to its trading activities in the equity securities of IMMUNOSYN.

7. At all times relevant DOUGLAS McCLAIN, JR. ("McCLAIN") was and is the president of ARGYLL and along with JAMES T. MICELI ("MICELI") one of the two beneficial owners of its equity securities.

8. McCLAIN has a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

9. At all times relevant McCLAIN was an officer and/or director of IMMUNOSYN, to wit: chairman of the board and corporate secretary. Additionally, McCLAIN is directly and through intermediate entities a beneficial owner of more than 10% of the common stock of IMMUNOSYN. McCLAIN is within the reach of Section 16(b) of the Act with respect to his trading activities in the equity securities of IMMUNOSYN.

10. McCLAIN is the 100% owner of CLAIRSVILLE HOLDINGS, INC. (CLAIRSVILLE), a British Virgin Islands company, which is an owner, for McCLAIN's benefit, of shares of IMMUNOSYN

11. At all times relevant MICELI was and is, both through direct ownership and through the ownership of intermediate entities which hold shares of IMMUNOSYN for his benefit, a more-than-10% beneficial owner of the common stock of IMMUNOSYN and within the reach of Section 16(b) of the Act.

3

12. At all times relevant MICELI was and is the chief executive officer of ARGYLL and along with McCLAIN one of the two beneficial owners of its equity securities.

13. MICELI has a principal place of business at 4255 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

14. MICELI is the 100% owner of CUXHAVEN HOLDINGS LTD., a British Virgin Islands company, which is an owner for MICELI's benefit of shares of IMMUNOSYN.

15. McCLAIN and MICELI are, respectively, president and chief executive officer of ARGYLL EQUITIES ("EQUITIES"), a Texas limited liability company whose principal office is 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

16. McCLAIN and MICELI are the sole shareholders of ARGYLL EQUITIES which is an owner, for McLAIN's and MICELI's benefit, of shares of IMMUNOSYN.

17. McLAIN and MICELI each own 45% of PADMORE, the remaining 10% being owned by McCLAIN's father.

18. PADMORE is an owner, for *inter alia*, McLAIN's AND MICELI's benefit, of shares of IMMUNOSYN.

19. By reason of McLAIN's and MICELI's ownership interests in ARGYLL, CLAIRSVILLE, CUXHAVEN, EQUITIES and PADMORE, McCLAIN and MICELLI were and are the beneficial owners of shares of IMMUNOSYN owned of

4

record by those entities to the extent of their respective pecuniary interests in those entities.

**STATUTORY REQUISITES:**

20. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

21. Demand for prosecution was made on IMMUNOSYN on October 26, 2007. More than 60 days have passed from the date of the initial demand with IMMUNOSYN declining to discuss the matter with plaintiff's counsel. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

22. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of California.

23. All defendants reside, have principal places of business and are found within the Southern District of California.

24. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

25. McCLAIN made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04.26.2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |
| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 141,120 | 5.00 |
| 08/23/2007 | 14,850 | 4.55 |
| 10/03/2007 | 187,500 | 0.667 |
| 10/03/2007 | 12,500 | 2.00 |
| 10/03/2007 | 78,450 | 5.00 |
| 10/03/2007 | 70,101 | 7.50 |
| 10/18/2007 | 12,250 | 5.00 |
| 10/18/2007 | 57,033.5 | 7.50 |
| 10/18/2007 | 124,500 | 10.00 |

26. MICELI made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04/26/2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 192,470 | 4.97 |
| 08/24/2007 | 125,000 | 10.00 |
| 10/03/2007 | 367,069 | 2.98 |
| 10/18/2007 | 136,250 | 9.57 |
| 10/18/2007 | 193,783.5 | 8.95 |

27. ARGYLL made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 77,000 | $3.25 |
| 04/26/2007 | 166,100 | 4.55 |
| 04/26/2007 | 124,000 | 4.84 |
| 04/26/2007 | 45,000 | 5.00 |
| 07/20/2007 | 127,100 | 5.00 |
| 07/20/2007 | 4,000 | 5.00 |
| 10/03/2007 | 375,000 | 0.67 |
| 10/03/2007 | 25,000 | 2.00 |
| 10/03/2007 | 119,400 | 5.00 |
| 10/03/2007 | 140,202 | 7.50 |
| 10/18/2007 | 1,000 | 5.00 |
| 10/18/2007 | 114,067 | 7.50 |
| 10/24/2007 | 16,000 | 5.00 |

28. EQUITIES made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 400,000 | $0.0001 |
| 04/26/2007 | 1,144,000 | 4.55 |
| 04/26/2007 | 37,000 | 5.00 |
| 04/26/2007 | 9,900 | 5.05 |
| 04/26/2007 | 78,100 | 9.09 |
| 07/20/2007 | 79,000 | 0.004 |

7

| Date | | Number of Shares | Price Per Share |
|---|---|---|---|
| 07/20/2007 | | 99,000 | 5.00 |
| 08/23/2007 | | 73,000 | 5.00 |
| 10/03/2007 | | 37,500 | 5.00 |
| 10/03/2007 | | 37,036 | 7.50 |
| 10/18/2007 | | 23,500 | 5.00 |
| 10/18/2007 | | 249,000 | 10.00 |

29. PADMORE made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in PADMORE:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/12/2007 | 85,850 | $5.00 |
| 08/23/2007 | 33,000 | 4.55 |
| 08/23/2007 | 313,600 | 5.00 |

30. McCLAIN made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 1,250.000 | $0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

31. MICELI made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 1,350,000 | 0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

32. EQUITIES made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 2,700,000 | $0.001 |
| 08/24/2007 | 250,000 | 0.00001 |

33. ARGYLL made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 08/23/2007 | 33,000 | $4.55 |
| 08/23/2007 | 80,000 | 5.00 |

34. The foregoing purchases and sales are matchable against one another using the "lowest-in, highest out" method and produce profits recoverable from ARGYLL, McCAIN and MICELI to the extent of their respective pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to exceed $12,500,000.

35. Such profits are recoverable on behalf of IMMUNOSYN by Plaintiff as a shareholder of IMMUNOSYN, the latter, under the control of McCLAIN and MICELI, having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

36. Some of the Schedules 13D and Forms 4 filed by the defendants and their intermediary entities are internally contradictory and inconsistent in their descriptions of events material to this suit. This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record.

9

37. ARGYLL, McCLAIN and MICELI, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of IMMUNOSYN within periods of less than six months of each other while more than 10% beneficial owners and/or officers of IMMUNOSYN.

38. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of IMMUNOSYN, ARGYLL, McLAIN and MICELI realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of IMMUNOSYN.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring ARGYLL, McLAIN and MICELI to account for and to pay over to IMMUNOSYN the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         March 15, 2008

Yours, etc.

*David Lopez*

David Lopez, Esq.
(*Pro Hac Vice Applicant*)

Dated:   San Diego, California
         March 17, 2008

_____
William R. Fuhrman

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 148940      - SH

          March 19, 2008
            15:09:29

         Civ Fil Non-Pris
USAO #.: 08CV0510
Judge..: JEFFREY T MILLER
Amount.:              $350.00 CK
Check#.: BC2078



     Total-> $350.00


FROM: DONOGHUE V. IMMUNOSYN CORP
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEBORAH DONOGHUE

**(b)** County of Residence of First Listed Plaintiff: WESTCHESTER, N.Y.
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAVID LOPEZ, ESQ., 171 EDGE OF WOODS RD., P.O. 323
SOUTHAMPTON, NEW YORK 11968 // 631.287.5520

## DEFENDANTS
IMMUNOSYN CORPORATION, ARGYLL BIOTECHNOLOGY LLC, DOUGLAS McCLAIN, JR. & JAMES T. MICELI

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): NOT KNOWN

FILED
08 MAR 19 PM 2:07
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0510 JM WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 78p(b)
Brief description of cause:
SHAREHOLDER SUIT TO RECOVERY SHORT-SWING PROFITS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ACCOUNT & PAY
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: N/A
DOCKET NUMBER: ___

DATE: 03/15/2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ David Lopez

**FOR OFFICE USE ONLY**
RECEIPT # 148940   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

SEL 3/19/08
CR