1  | Barry G. Felder (No. 175658)
   | THELEN REID BROWN RAYSMAN & STEINER LLP
2  | 875 Third Avenue
   | New York, New York 10022
3  | Telephone: (212) 603-2000
   | Facsimile: (212) 603-2001
4  |
   | Alexandra Epand (No. 191733)
5  | THELEN REID BROWN RAYSMAN & STEINER LLP
   | 333 South Hope Street, Suite 2900
6  | Los Angeles, California 90071-3048
   | Telephone: (213) 576-8000
7  | Facsimile: (213) 576-8080
8  | Attorneys for Defendants ARGYLL BIOTECHNOLOGIES, LLC,
   | DOUGLAS McCLAIN, JR. and JAMES T. MICELI
9  |
   |                    UNITED STATES DISTRICT COURT
10 |                  SOUTHERN DISTRICT OF CALIFORNIA
11 | ----------------------------------------------------- x
   | DEBORAH DONOGHUE,                          :
12 |                                            :
   |                      Plaintiff,            :
13 |                                            :
   |             -against-                      :     Civil Action No. 08-0510 (JM) (WMC)
14 |                                            :
   | IMMUNOSYN CORPORATION, ARGYLL              :
15 | BIOTECHNOLOGY LLC, DOUGLAS                 :         **DECLARATION OF**
   | MCCLAIN, JR. AND JAMES T. MICELI,          :         **BARRY G. FELDER**
16 |                                            :
   |                      Defendants.           :
17 |                                            :
   | ----------------------------------------------------- x
18 |
   |        BARRY G. FELDER declares as follows:
19 |
   |        1.      I am a member of Thelen Reid Brown Raysman & Steiner LLP, counsel for
20 |
   | defendants Argyll Biotechnologies, LLC (incorrectly named as "Argyll Biotechnology LLC"),
21 |
   | James T. Miceli and Douglas McClain, Jr. I submit this declaration in support of defendants'
22 |
   | motion to dismiss, or, in the alternative, to transfer or stay, the action and to place certain
23 |
   | documents before the Court.
24 |
   |        2.      This action (the "Third-Filed California Action"), filed March 19, 2008, seeks
25 |
   | recovery of alleged short-swing profits from the defendants pursuant to Section 16(b) of the
26 |
   | Securities Exchange Act. A true and correct copy of the Complaint in the Third-Filed California
27 |
   | Action is annexed hereto as Exhibit 1.
28 |

3.      Plaintiff in this action ("Donoghue"), who is suing derivatively on behalf of nominal defendant Immunosyn Corporation ("Immunosyn"), filed the same complaint against the same defendants in the Southern District of New York on March 11, 2008, in an action captioned *Donoghue v. Immunosyn Corp.*, Case No. 08-02434 (the "Second-Filed New York Action"). As noted below, Donoghue has now voluntarily dismissed the Second-Filed New York Action. A true and correct copy of the Complaint in the Second-Filed New York Action is annexed hereto as Exhibit 2.

4.      Approximately three months prior to the filing of Donoghue's actions, on December 19, 2007, another Immunosyn shareholder filed a substantially similar action against Defendants and three other parties – Argyll Equities, LLC, Cuxhaven Holdings, Ltd., and Clairsvelle Holdings, Ltd. – in the Southern District of New York, captioned *Segen v. Argyll Biotechnologies, LLC*, Case No. 07-11395 (the "First-Filed New York Action"). In response to a motion by defendants to dismiss the claims with respect to Cuxhaven Holdings, Ltd. and Clairsvelle Holdings, Ltd., counsel for plaintiff in the First-Filed New York Action has indicated that he intends to withdraw those claims. In addition, all three parties are mentioned in both of Donoghue's later complaints, although they are not named as defendants in those actions. A true and correct copy of the Complaint in the First-Filed New York Action is annexed hereto as Exhibit 3.

5.      In all three actions, plaintiffs alleged short-swing profits based on alleged sales and purchases of Immunosyn shares by the defendants within a six-month period. Both plaintiffs have alleged substantially the same sale transactions, and, more importantly, have alleged that the same four transactions, occurring on June 21, 2007, August 23, 2007, and August 24, 2007 constitute "purchases" under Section 16(b), purportedly subjecting the defendants to short-swing liability. As is evident from the affirmative defenses asserted in defendants' answers in both the First-Filed New York Action and this action, the central dispute in these actions will concern whether the four alleged "purchases" constitute purchases for purposes of Section 16(b) and, if so, whether those alleged purchases occurred within the six-month short-swing liability time frame. A true and correct copy of the Answer in the First-Filed New York Action is annexed hereto as Exhibit 4.

1    For example, with respect to the August 24, 2007 transactions, defendants have asserted in their

2    affirmative defenses that those transactions were in fact rescissions or forfeitures in connection

3    with consulting agreements entered into between Immunosyn and two consultants in 2006, more

4    than six months prior to any alleged sale.  The documents and witnesses relevant to the claims and

5    defenses in each of the actions are located in New York, New Jersey, Georgia and California.

6         6.    In the First-Filed New York Action, defendants have filed an answer and motion

7    for partial dismissal of the complaint and discovery has been served.  In addition, on March 20,

8    2008, the parties in the First-Filed New York Action attended a preliminary conference before the

9    Honorable Thomas Griesa, during which the parties discussed the claims and defenses in the

10   action in some detail with Judge Griesa.

11        7.    Donoghue filed a notice of voluntary dismissal of the Second-Filed New York

12   Action on or about April 15, 2008.  In a telephone conversation with Donoghue's counsel on April

13   21, 2008, I expressed the defendants' preference to litigate with Donoghue in the Southern District

14   of New York, where defendants are already defending the First-Filed New York Action.  Despite

15   this clear waiver of any objection to venue in New York, Donoghue's counsel continues to

16   maintain that the Southern District of California is the only proper venue for this action, citing

17   unspecified "defects" in the New York venue.[1]

18

19        I declare under penalty of perjury that the foregoing is true and correct.

20        Executed on April 25, 2008.

21

22                                     s/   Barry G. Felder
                                          Barry G. Felder

23

24

25

26   [1] Donoghue's counsel also maintains that the First-Filed New York Action is "defective" because
     plaintiff Segen did not wait the full 60-day statutory period after his initial demand for suit before
27   filing the complaint.  However, as with any objection to venue, defendants have waived this
     objection.
28

# EXHIBIT 1

DAVID LOPEZ, ESQ.  DL6779
Attorney for Plaintiff (*Pro Hac Vice Applicant*)
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:          631.287.5520
Fax:          631.283.4735
e-Mail:    DavidLopezEsq@aol.com

WILLIAM R. FUHRMAN, ESQ. 58751
Attorney for Plaintiff
539 Encinitas Boulevard, Suite 111
Encinitas, California 92024-3748
San Diego, California 92024-4548
Tel:          760.479.2525
Fax:          801.760.4548
e-Mail:      Bill@SDiegolaw

ORIGINAL

08 MAR 19  PM 3: 09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:          *CP*                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH DONOGHUE,

        Plaintiff,

  - against -

IMMUNOSYN CORPORATION,
ARGYLL BIOTECHNOLOGY LLC,
DOUGLAS McCLAIN, JR. and
JAMES T. MICELI,

        Defendants.

'08 CV 0510 JM WMc

**COMPLAINT FOR RECOVERY OF OF SHORT-SWING PROFITS BY SHAREHOLDER**

(Jury Trial Demanded)

    **DEBORAH DONOGHUE**, by David Lopez, Esq. and William R. Fuhrman, her

attorneys, complaining of the defendants, respectfully alleges the following upon

1

information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act,15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of IMMUNOSYN CORPORATION ("IMMUNOSYN"), a Delaware Corporation with principal offices at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3. At all times relevant the common stock of IMMUNOSYN was registered under Section 12(g) of the Act and was and is traded on the over-the-counter market through market makers located within this district.

4. This action is brought in the right and for the benefit of IMMUNOSYN which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant ARGYLL BIOTECHNOLOGIES LLC ("ARGYLL") was and is a Texas limited liability entity with principal offices at 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

2

6. ARGYLL was and is a beneficial owner of more than 10% of the common stock of IMMUNOSYN and thereby within the reach of Section 16(b) of the Act with respect to its trading activities in the equity securities of IMMUNOSYN.

7. At all times relevant DOUGLAS McCLAIN, JR. ("McCLAIN") was and is the president of ARGYLL and along with JAMES T. MICELI ("MICELI") one of the two beneficial owners of its equity securities.

8. McCLAIN has a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

9. At all times relevant McCLAIN was an officer and/or director of IMMUNOSYN, to wit: chairman of the board and corporate secretary. Additionally, McCLAIN is directly and through intermediate entities a beneficial owner of more than 10% of the common stock of IMMUNOSYN. McCLAIN is within the reach of Section 16(b) of the Act with respect to his trading activities in the equity securities of IMMUNOSYN.

10. McCLAIN is the 100% owner of CLAIRSVILLE HOLDINGS, INC. (CLAIRSVILLE), a British Virgin Islands company, which is an owner, for McCLAIN's benefit, of shares of IMMUNOSYN

11. At all times relevant MICELI was and is, both through direct ownership and through the ownership of intermediate entities which hold shares of IMMUNOSYN for his benefit, a more-than-10% beneficial owner of the common stock of IMMUNOSYN and within the reach of Section 16(b) of the Act.

3

12. At all times relevant MICELI was and is the chief executive officer of ARGYLL and along with McCLAIN one of the two beneficial owners of its equity securities.

13. MICELI has a principal place of business at 4255 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

14. MICELI is the 100% owner of CUXHAVEN HOLDINGS LTD., a British Virgin Islands company, which is an owner for MICELI's benefit of shares of IMMUNOSYN.

15. McCLAIN and MICELI are, respectively, president and chief executive officer of ARGYLL EQUITIES ("EQUITIES"), a Texas limited liability company whose principal office is 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

16. McCLAIN and MICELI are the sole shareholders of ARGYLL EQUITIES which is an owner, for McLAIN's and MICELI's benefit, of shares of IMMUNOSYN.

17. McLAIN and MICELI each own 45% of PADMORE, the remaining 10% being owned by McCLAIN's father.

18. PADMORE is an owner, for *inter alia*, McLAIN's AND MICELI's benefit, of shares of IMMUNOSYN.

19. By reason of McLAIN's and MICELI's ownership interests in ARGYLL, CLAIRSVILLE, CUXHAVEN, EQUITIES and PADMORE, McCLAIN and MICELLI were and are the beneficial owners of shares of IMMUNOSYN owned of

4

record by those entities to the extent of their respective pecuniary interests in those entities.

**STATUTORY REQUISITES:**

20. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

21. Demand for prosecution was made on IMMUNOSYN on October 26, 2007. More than 60 days have passed from the date of the initial demand with IMMUNOSYN declining to discuss the matter with plaintiff's counsel. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

22. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of California.

23. All defendants reside, have principal places of business and are found within the Southern District of California.

24. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

5

**FIRST CLAIM FOR RELIEF:**

25. McCLAIN made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04.26.2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |
| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 141,120 | 5.00 |
| 08/23/2007 | 14,850 | 4.55 |
| 10/03/2007 | 187,500 | 0.667 |
| 10/03/2007 | 12,500 | 2.00 |
| 10/03/2007 | 78,450 | 5.00 |
| 10/03/2007 | 70,101 | 7.50 |
| 10/18/2007 | 12,250 | 5.00 |
| 10/18/2007 | 57,033.5 | 7.50 |
| 10/18/2007 | 124,500 | 10.00 |

26. MICELI made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04/26/2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |

6

| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 192,470 | 4.97 |
| 08/24/2007 | 125,000 | 10.00 |
| 10/03/2007 | 367,069 | 2.98 |
| 10/18/2007 | 136,250 | 9.57 |
| 10/18/2007 | 193,783.5 | 8.95 |

27. ARGYLL made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
| --- | --- | --- |
| 04/26/2007 | 77,000 | $3.25 |
| 04/26/2007 | 166,100 | 4.55 |
| 04/26/2007 | 124,000 | 4.84 |
| 04/26/2007 | 45,000 | 5.00 |
| 07/20/2007 | 127,100 | 5.00 |
| 07/20/2007 | 4,000 | 5.00 |
| 10/03/2007 | 375,000 | 0.67 |
| 10/03/2007 | 25,000 | 2.00 |
| 10/03/2007 | 119,400 | 5.00 |
| 10/03/2007 | 140,202 | 7.50 |
| 10/18/2007 | 1,000 | 5.00 |
| 10/18/2007 | 114,067 | 7.50 |
| 10/24/2007 | 16,000 | 5.00 |

28. EQUITIES made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

| Date | Number of Shares | Price Per Share |
| --- | --- | --- |
| 04/26/2007 | 400,000 | $0.0001 |
| 04/26/2007 | 1,144,000 | 4.55 |
| 04/26/2007 | 37,000 | 5.00 |
| 04/26/2007 | 9,900 | 5.05 |
| 04/26/2007 | 78,100 | 9.09 |
| 07/20/2007 | 79,000 | 0.004 |

7

| 07/20/2007 | 99,000 | 5.00 |
|---|---|---|
| 08/23/2007 | 73,000 | 5.00 |
| 10/03/2007 | 37,500 | 5.00 |
| 10/03/2007 | 37,036 | 7.50 |
| 10/18/2007 | 23,500 | 5.00 |
| 10/18/2007 | 249,000 | 10.00 |

29. PADMORE made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in PADMORE:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/12/2007 | 85,850 | $5.00 |
| 08/23/2007 | 33,000 | 4.55 |
| 08/23/2007 | 313,600 | 5.00 |

30. McCLAIN made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 1,250.000 | $0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

31. MICELI made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 1,350,000 | 0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

32. EQUITIES made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

8

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 06/21/2007 | 2,700,000 | $0.001 |
| 08/24/2007 | 250,000 | 0.00001 |

33. ARGYLL made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 08/23/2007 | 33,000 | $4.55 |
| 08/23/2007 | 80,000 | 5.00 |

34. The foregoing purchases and sales are matchable against one another using the "lowest-in, highest out" method and produce profits recoverable from ARGYLL, McCAIN and MICELI to the extent of their respective pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to exceed $12,500,000.

35. Such profits are recoverable on behalf of IMMUNOSYN by Plaintiff as a shareholder of IMMUNOSYN, the latter, under the control of McCLAIN and MICELI, having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

36. Some of the Schedules 13D and Forms 4 filed by the defendants and their intermediary entities are internally contradictory and inconsistent in their descriptions of events material to this suit. This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record.

9

37. ARGYLL, McCLAIN and MICELI, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of IMMUNOSYN within periods of less than six months of each other while more than 10% beneficial owners and/or officers of IMMUNOSYN.

38. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of IMMUNOSYN, ARGYLL, McLAIN and MICELI realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of IMMUNOSYN.

**WHEREFORE,** Plaintff demands judgment:

a) Requiring ARGYLL, McLAIN and MICELI to account for and to pay over to .IMMUNOSYN the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

10

1

2

Dated:     Southampton, New York
     March 15, 2008

3

4

5

6

Yours, etc.

David Lopez, Esq.
(*Pro Hac Vice Applicant*)

7

8

Dated:     San Diego, California
     March 17, 2008

9

10

William R. Fuhrman

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

# EXHIBIT 2

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |
|---|---|---|

DEBORAH DONOGHUE,

**Plaintiff,**

- against -

IMMUNOSYN CORPORATION,
ARGYLL BIOTECHNOLOGY LLC,
DOUGLAS McCLAIN, JR. and
JAMES T. MICELI,

**Defendants.**

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

# 08 CV 02434

TO: (Name and address of Defendant)

JAMES T. MICELI
4225 EXECUTIVE SQUARE, SUITE 260
LA JOLLA, CALIFORNIA 92037

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DAVID LOPEZ, ESQ.
171 EDGE OF WOODS ROAD, P.O. 323
SOUTHAMPTON, NEW YORK 11968

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

MAR 11 2008

DATE



JUDGE COTE

DAVID LOPEZ, ESQ.
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:        631.283.4735
e-Mail:     DavidLopezEsq@aol.com

  

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE,

         **Plaintiff,**

   - against -

IMMUNOSYN CORPORATION,
ARGYLL BIOTECHNOLOGY LLC,
DOUGLAS McCLAIN, JR. and
JAMES T. MICELI,

         **Defendants.**

_____/



RECEIVED
MAR 1 1 2008
U.S.D.C. S.D. N.Y.
COMPLAINT CASHIERS

     **DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of

the defendants, respectfully alleges the following upon information and belief, except as

to paragraph 2, which plaintiff alleges on personal knowledge:

### JURISDICTION:

1.    This action arises under the provisions of Section 16(b) of the Securities

Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and

jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

1



DAVID LOPEZ, ESQ.
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:        631.283.4735
e-Mail:     DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DEBORAH DONOGHUE,**

**Plaintiff,**

- against -

**COMPLAINT**

**IMMUNOSYN CORPORATION,**
**ARGYLL BIOTECHNOLOGY LLC,**
**DOUGLAS McCLAIN, JR. and**
**JAMES T. MICELI,**

**Defendants.**

_____/

**DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney, complaining of

the defendants, respectfully alleges the following upon information and belief, except as

to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.     This action arises under the provisions of Section 16(b) of the Securities

Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and

jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

1

**THE PARTIES:**

2.     Plaintiff  is  a  security  owner  of  IMMUNOSYN  CORPORATION
("IMMUNOSYN"), a Delaware Corporation with principal offices at 4225 Executive
Square, Suite 260, La Jolla, California 92037.

3.     At all times relevant the common stock of IMMUNOSYN was registered under
Section 12(g) of the Act and was and is traded on the over-the-counter market through
market makers located within this district.

4.     This action is brought in the right and for the benefit of IMMUNOSYN which is
named as a party defendant solely in order to have all necessary parties before the court.

5.     At all times relevant ARGYLL BIOTECHNOLOGIES LLC ("ARGYLL") was
and is a Texas limited liability entity with principal offices at 4225 Executive Square,
Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

6.     ARGYLL was and is a beneficial owner of more than 10% of the common stock
of IMMUNOSYN and thereby within the reach of Section 16(b) of the Act with respect
to its trading activities in the equity securities of IMMUNOSYN.

7.     At all times relevant DOUGLAS McCLAIN, JR. ("McCLAIN") was and is the
president of ARGYLL and along with JAMES T. MICELI ("MICELI") one of the two
beneficial owners of its equity securities.

2

8.    McCLAIN has a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

9.    At all times relevant McCLAIN was an officer and/or director of IMMUNOSYN, to wit: chairman of the board and corporate secretary.  Additionally, McCLAIN is directly and through intermediate entities a beneficial owner of more than 10% of the common stock of IMMUNOSYN.  McCLAIN is within the reach of Section 16(b) of the Act with respect to his trading activities in the equity securities of IMMUNOSYN.

10.    McCLAIN is the 100% owner of CLAIRSVILLE HOLDINGS, INC. (CLAIRSVILLE), a British Virgin Islands company, which is an owner, for McCLAIN's benefit, of shares of IMMUNOSYN

11.    At all times relevant MICELI was and is, both through direct ownership and through the ownership of intermediate entities which hold shares of IMMUNOSYN for his benefit, a more-than-10% beneficial owner of the common stock of IMMUNOSYN and within the reach of Section 16(b) of the Act.

12.    At all times relevant MICELI was and is the chief executive officer of ARGYLL and along with McCLAIN one of the two beneficial owners of its equity securities.

13.    MICELI has a principal place of business at 4255 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

14.    MICELI is the 100% owner of CUXHAVEN HOLDINGS LTD., a British Virgin Islands company, which is an owner for MICELI's benefit of shares of IMMUNOSYN.

3

15.     McCLAIN and MICELI are, respectively, president and chief executive officer of ARGYLL EQUITIES ("EQUITIES"), a Texas limited liability company whose principal office is 4225 Executive Square, Suite 260, La Jolla, California 92037, the same space occupied by IMMUNOSYN.

16.     McCLAIN and MICELI are the sole shareholders of ARGYLL EQUITIES, which is an owner, for McLAIN's and MICELI's, benefit of shares of IMMUNOSYN.

17.     McLAIN and MICELI each own 45% of PADMORE, the remaining 10% being owned by McCLAIN's father.

18.     By reason of McLAIN's and MICELI's ownership interests in ARGYLL, CLAIRSVILLE, CUXHAVEN, EQUITIES and PADMORE, McCLAIN and MICELLI were and are the beneficial owners of shares of IMMUNOSYN owned of record by those entities to the extent of their respective pecuniary interests in those entities.

**STATUTORY REQUISITES:**

19.     The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

20.     Demand for prosecution was made on IMMUNOSYN on October 26, 2007. More than 60 days have passed from the date of the initial demand with IMMUNOSYN declining to discuss the matter with plaintiff's counsel. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

4

21.    Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York through market makers located within the district.

22.    This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

23.    McCLAIN made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04.26.2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |
| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 141,120 | 5.00 |
| 08/23/2007 | 14,850 | 4.55 |
| 10/03/2007 | 187,500 | 0.667 |
| 10/03/2007 | 12,500 | 2.00 |
| 10/03/2007 | 78,450 | 5.00 |
| 10/03/2007 | 70,101 | 7.50 |
| 10/18/2007 | 12,250 | 5.00 |

| | | |
|---|---|---|
| 10/18/2007 | 57,033.5 | 7.50 |
| 10/18/2007 | 124,500 | 10.00 |

24.     MICELI made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 200,000 | $0.0001 |
| 04/26/2007 | 38,500 | 3.25 |
| 04/26/2007 | 83,050 | 4.55 |
| 04/26/2007 | 572,000 | 4.55 |
| 04/26/2007 | 62,000 | 4.84 |
| 04/26/2007 | 22,500 | 5.00 |
| 04/26/2007 | 18,500 | 5.00 |
| 04/26/2007 | 4,950 | 5.05 |
| 04/26/2007 | 39,050 | 9.09 |
| 06/12/2007 | 38,632.5 | 5.00 |
| 07/20/2007 | 39,500 | 0.004 |
| 07/20/2007 | 63,550 | 5.00 |
| 07/20/2007 | 2,000 | 5.00 |
| 07/20/2007 | 49,500 | 5.00 |
| 08/23/2007 | 192,470 | 4.97 |
| 08/24/2007 | 125,000 | 10.00 |
| 10/03/2007 | 367,069 | 2.98 |
| 10/18/2007 | 136,250 | 9.57 |
| 10/18/2007 | 193,783.5 | 8.95 |

25.     ARGYLL made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 77,000 | $3.25 |
| 04/26/2007 | 166,100 | 4.55 |
| 04/26/2007 | 124,000 | 4.84 |
| 04/26/2007 | 45,000 | 5.00 |
| 07/20/2007 | 127,100 | 5.00 |
| 07/20/2007 | 4,000 | 5.00 |
| 10/03/2007 | 375,000 | 0.67 |
| 10/03/2007 | 25,000 | 2.00 |
| 10/03/2007 | 119,400 | 5.00 |
| 10/03/2007 | 140,202 | 7.50 |

6

| | | |
|---|---|---|
| 10/18/2007 | 1,000 | 5.00 |
| 10/18/2007 | 114,067 | 7.50 |
| 10/24/2007 | 16,000 | 5.00 |

26.    EQUITIES made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 04/26/2007 | 400,000 | $0.0001 |
| 04/26/2007 | 1,144,000 | 4.55 |
| 04/26/2007 | 37,000 | 5.00 |
| 04/26/2007 | 9,900 | 5.05 |
| 04/26/2007 | 78,100 | 9.09 |
| 07/20/2007 | 79,000 | 0.004 |
| 07/20/2007 | 99,000 | 5.00 |
| 08/23/2007 | 73,000 | 5.00 |
| 10/03/2007 | 37,500 | 5.00 |
| 10/03/2007 | 37,036 | 7.50 |
| 10/18/2007 | 23,500 | 5.00 |
| 10/18/2007 | 249,000 | 10.00 |

27.    PADMORE made the following sales of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in PADMORE:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/12/2007 | 85,850 | $5.00 |
| 08/23/2007 | 33,000 | 4.55 |
| 08/23/2007 | 313,600 | 5.00 |

28.    McCLAIN made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 06/21/2007 | 1,250.000 | $0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

29.    MICELI made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 06/21/2007 | 1,350,000 | 0.0001 |
| 08/23/2007 | 16,500 | 4.55 |
| 08/23/2007 | 40,000 | 5.00 |
| 08/24/2007 | 125,000 | 0.0001 |

30.    EQUITIES made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in EQUITIES:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 06/21/2007 | 2,700,000 | $0.001 |
| 08/24/2007 | 250,000 | 0.00001 |

31.    ARGYLL made the following purchases of IMMUNOSYN common stock on the dates, in the quantities and at the prices here shown, all of which are attributable to McCLAIN and MICELI in proportion to their pecuniary interests in ARGYLL:

| Date | Number of Shares | Price Per Share |
|------|------------------|-----------------|
| 08/23/2007 | 33,000 | $4.55 |
| 08/23/2007 | 80,000 | 5.00 |

32.    The foregoing purchases and sales are matchable against one another using the "lowest-in, highest out" method and produce profits recoverable from ARGYLL, McCAIN and MICELI to the extent of their respective pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to exceed $12,500,000.

33.    Such profits are recoverable on behalf of IMMUNOSYN by Plaintiff as a shareholder of IMMUNOSYN, the latter, under the control of McCLAIN and MICELI, having failed or refused to act in its own right and for its own benefit.

## SECOND CLAIM FOR RELIEF:

34.    Some of the Schedules 13D and Forms 4 filed by the defendants and their intermediary entities are internally contradictory and inconsistent in their descriptions of events material to this suit. This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record.

35.    ARGYLL, McCLAIN and MICELI, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of IMMUNOSYN within periods of less than six months of each other while more than 10% beneficial owners and/or officers of IMMUNOSYN.

36.    By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of IMMUNOSYN, ARGYLL, McLAIN and MICELI realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of IMMUNOSYN.

**WHEREFORE**, Plaintff demands judgment:

9

a)    Requiring ARGYLL, McLAIN and MICELI to account for and to pay over to IMMUNOSYN the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b)    Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c)    Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton, New York
       March 6, 2008

Yours, etc.

David Lopez, Esq.

10

# EXHIBIT 3

Paul D. Wexler (PW 9340)
BRAGAR WEXLER & EAGEL, P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

Glenn F. Ostrager (GO 2023)
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of IMMUNOSYN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARGYLL BIOTECHNOLOGIES, LLC, CUXHAVEN HOLDINGS LTD., CLAIRSVELLE HOLDINGS, LTD, ARGYLL EQUITIES, LLC, DOUGLAS MCCLAIN, JR., JAMES T. MICELI, JOHN DOES 1 THROUGH 30 and IMMUNOSYN CORPORATION,<br><br>    Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>(***Jury Trial Demanded***) |

      LEON S. SEGEN ("Segen"), by his attorneys, Bragar Wexler & Eagel, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1.     Plaintiff Segen is a New York resident who is the owner of common stock of Immunosyn Corporation ("Immunosyn" or the "Company").

2.     Immunosyn, a nominal defendant herein, is a Delaware corporation with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3.     Defendant Argyll Biotechnologies, LLC ("Argyll Biotechnologies") is a Delaware limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Defendant Douglas McClain, Jr. ("McClain") is the President of Argyll Biotechnologies and defendant James T. Miceli ("Miceli") is the Chief Executive Officer of Argyll Biotechnologies.

4.     Defendant Cuxhaven Holdings Ltd. ("Cuxhaven") is a British Virgin Islands company, with its principal place of business at c/o Nunley Davis Jolley Cluck Aelvoet LLP, 1580 South Main Street, Suite 200, Boerne, Texas 78006. Miceli controls and beneficially owns 100% of Cuxhaven.

5.     Defendant Clairsvelle Holdings, Ltd. ("Clairsvelle") is a British Virgin Islands company, with its principal place of business at c/o Nunley Davis Jolley Cluck Aelvoet LLP, 1580 South Main Street, Suite 200, Boerne, Texas 78006. McClain controls and beneficially owns 100% of Clairsvelle.

6.     Defendant Argyll Equities, LLC ("Argyll Equities") is a Texas limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McClain and Miceli jointly own Argyll Equities. McClain is the President of Argyll Equities, and Miceli is the Chief Executive Officer of Argyll Equities.

2

7.     Defendant McClain is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.  McClain is the President of Argyll Biotechnologies and Argyll Equities.  McClain owns 100% of Clairsvelle and also owns 45% of Padmore Holdings, Ltd. ("Padmore"), a holding company established by McClain, McClain's father, and Miceli to hold shares of Immunosyn.

8.     Defendant Miceli is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.  Miceli is the Chief Executive Officer of Argyll Biotechnologies and Argyll Equities.  Miceli owns 100% of Cuxhaven and also owns 45% of Padmore.

9.     John Does 1 through 30 are transferees of Cuxhaven and Clairsvelle, who are identified in Schedule 13D filings made by the named defendants as friends and family members of McClain and Miceli who received and sold shares of Immunosyn.  John Does 1 through 10 are deemed to be members of a group with the named defendants, and as such, each of John Does 1 through 30 are greater than 10% beneficial owners of Immunosyn and subject to the short-swing profit recapture provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended.

### Jurisdiction and Venue

10.     This action is brought derivatively on behalf of Immunosyn pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute.  Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78a(a).

3

**The Governing Law**

11.    Section 16(b) of the Exchange Act provides that if an officer, director or

beneficial owner of more than 10 percent of a class of equity securities of an issuer, purchases

and sells or sells and purchases shares of any equity security of such issuer within a period of less

than six months, any profits arising from those transactions are recoverable by the issuer or by a

shareholder suing derivatively on its behalf.

12.    Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where

two or more persons "act as a partnership, limited partnership, syndicate, or other group for the

purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section

13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of

determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group

are aggregated to determine whether the group has a greater than 10% beneficial ownership in the

issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds

10%, each member of the group is deemed to be a greater than 10% beneficial owner and is

liable to disgorge profits which such group member earned in stock transactions effected within a

six-month period.

**CLAIM FOR RELIEF**

13.    Defendants Argyll Biotechnologies, Cuxhaven, Clairsvelle, Argyll

Equities, McClain, Miceli and John Does 1 through 30 (collectively, the "Argyll Group"),

constitute a group under §13(d)(3) of the Exchange Act and garnered short-swing profits

disgorgeable to Immunosyn in the transactions hereinafter set forth.  At all relevant times, Argyll

Biotechnologies, McClain and Miceli separately were greater than 10% beneficial owner of

4

Immunosyn common stock. Additionally, defendant McClain is an Immunosyn statutory insider by virtue of his status as an officer and director of the Company.

## The Purchase Transactions

14.    On August 23, 2007, Argyll Biotechnologies purchased 33,000 shares of Company common stock at a price per share of $4.55.

15.    On August 23, 2007, Argyll Biotechnologies purchased 80,000 shares of Company common stock at a price per share of $5.00.

16.    On June 21, 2007, Argyll Equities purchased 2,700,000 shares of Company common stock at a price per share of $0.001.

17.    On August 24, 2007, Argyll Equities purchased 250,000 shares of Company common stock at a price per share of $0.001.

## Matchable Sales by Argyll Equities

18.    On April 26, 2007, Argyll Equities sold 1,144,000 shares of Company common stock at a price per share of $4.55, resulting in disgorgeable short-swing profits of $5,205,000.

19.    On April 26, 2007, Argyll Equities sold 37,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $185,000.

20.    On April 26, 2007, Argyll Equities sold 9,900 shares of Company common stock at a price per share of $5.05, resulting in disgorgeable short-swing profits of $49,995.

5

21.     On August 23, 2007, Argyll Equities sold 73,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $365,000.

22.     On October 3, 2007, Argyll Equities sold 37,500 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $187,500.

23.     On October 3, 2007, Argyll Equities sold 37,036 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $277,770.

24.     On October 18, 2007, Argyll Equities sold 23,500 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $117,500.

25.     On October 18, 2007, Argyll Equities sold 249,000 shares of Company common stock at a price per share of $10.00, resulting in disgorgeable short-swing profits of $2,490,000.

## Matchable Sales by Argyll Biotechnologies

26.     On April 26, 2007, Argyll Biotechnologies sold 77,000 shares of Company common stock at a price per share of $3.25, resulting in disgorgeable short-swing profits of $250,250.

27.     On April 26, 2007, Argyll Biotechnologies sold 166,100 shares of Company common stock at a price per share of $4.55, resulting in disgorgeable short-swing profits of $755,755.

6

28.     On April 26, 2007, Argyll Biotechnologies sold 124,000 shares of Company common stock at a price per share of $4.84, resulting in disgorgeable short-swing profits of $600,160.

29.     On April 26, 2007, Argyll Biotechnologies sold 45,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $225,000.

30.     On July 20, 2007, Argyll Biotechnologies sold 127,100 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $635,500.

31.     On July 20, 2007, Argyll Biotechnologies sold 4,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $20,000.

32.     On October 3, 2007, Argyll Biotechnologies sold 375,000 shares of Company common stock at a price per share of $0.67, resulting in disgorgeable short-swing profits of $251,250.

33.     On October 3, 2007, Argyll Biotechnologies sold 25,000 shares of Company common stock at a price per share of $2.00, resulting in disgorgeable short-swing profits of $50,000.

34.     On October 3, 2007, Argyll Biotechnologies sold 119,400 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $597,000.

35.    On October 3, 2007, Argyll Biotechnologies sold 140,202 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $1,051,515.

36.    On October 18, 2007, Argyll Biotechnologies sold 1,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $5,000.

37.    On October 18, 2007, Argyll Biotechnologies sold 114,067 shares of Company common stock at a price per share of $7.50, resulting in disgorgeable short-swing profits of $855,502.50.

38.    On October 24, 2007, Argyll Biotechnologies sold 16,000 shares of Company common stock at a price per share of $5.00, resulting in disgorgeable short-swing profits of $80,000.

39.    Each of the matchable sales by Argyll Biotechnologies separately results in disgorgeable profits owed by McClain and Miceli in the event that the sales by Argyll Biotechnologies are not matchable with the purchases by Argyll Equities.

40.    The August 23, 2007 purchases by Argyll Biotechnologies separately result in disgorgeable short-swing profits of $297,350 when matched with sales by Argyll Biotechnologies on October 3, 2007.

### Sales by John Does 1 through 30

41.    On April 26, 2007, Cuxhaven disposed of 7,290,000 shares of Company common stock to approximately twenty-one (21) personal acquaintances and relatives of Miceli

8

for no consideration. Each of such persons is believed to have disposed of his or her shares and may be liable for short-swing profits as members of the Argyll Group.

42.    On June 21, 2007, Clairsvelle disposed of 760,000 shares of Company common stock to approximately nine (9) personal acquaintances and relatives of McClain for no consideration. Each of such persons is believed to have disposed of his or her shares and may be liable for short-swing profits as members of the Argyll Group.

## As And For A Claim for Relief

43.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42, *supra*, as if fully set forth herein.

44.    As itemized in paragraphs 18 through 42, *supra*, defendants are liable for the short-swing profits realized in trading in Immunosyn securities. These transactions yield short-swing profits of approximately $14,254,897 that defendants must disgorge to Immunosyn pursuant to §16(b).

45.    Additional damages may be assessed against defendants as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

46.    Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $14,254,897.

## Allegations As To Demand

47.    On or about October 30, 2007, plaintiff made demand upon Immunosyn to commence this lawsuit. The Company has failed to do so. In a letter dated December 17, 2007,

counsel for Immunosyn advised that the Company had reached a resolution of the claims set forth herein.

WHEREFORE, plaintiff demands judgment on behalf of Immunosyn Corporation against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       December 19, 2007

Yours, etc.

BRAGAR WEXLER & EAGEL, P.C.

By: _____
    Paul D. Wexler ( PDW9340 )

885 Third Avenue
New York, New York 10022
(212) 308-5858

OSTRAGER CHONG FLAHERTY
   & BROITMAN P.C.

570 Lexington Avenue
New York, New York 10022-6894

Attorneys for Plaintiff

10

# EXHIBIT 4

Barry G. Felder
Catherine M. McGrath
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies, LLC, Argyll Equities, LLC,
Cuxhaven Holdings, Ltd., Clairsvelle Holdings, Ltd., James T. Miceli
and Douglas McClain, Jr.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
LEON S. SEGEN, derivatively on behalf of        :
IMMUNOSYN CORPORATION,                          :
                                                :
                    Plaintiff,                  :
                                                :           Civil Action No. 07-11395 (TPG)
          -against-                             :
                                                :
ARGYLL BIOTECHNOLOGIES, LLC,             :      **ANSWER OF DEFENDANTS ARGYLL**
CUXHAVEN HOLDINGS, LTD,                   :      **BIOTECHNOLOGIES, LLC AND**
CLAIRSVELLE HOLDINGS, LTD., ARGYLL :            **ARGYLL EQUITIES, LLC TO**
EQUITIES, LLC, DOUGLAS MCCLAIN, JR., :          **PLAINTIFF'S COMPLAINT**
JAMES T. MICELI, JOHN DOES 1 THROUGH :
30 and IMMUNOSYN CORPORATION,            :
                                                :
                    Defendants.                 :
------------------------------------------------------------ x

        Defendants Argyll Biotechnologies, LLC and Argyll Equities, LLC ("Defendants"), by

their attorneys, Thelen Reid Brown Raysman & Steiner LLP, respond to Plaintiff's complaint

(the "Complaint") as follows:

        1.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1 of the Complaint.

        2.      Defendants admit the allegations in paragraph 2 of the Complaint.

        3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants deny that James T. Miceli "controls" Cuxhaven Holdings, Ltd., but admit the remainder of the allegations in paragraph 4 of the Complaint.

5.      Defendants deny that Douglas McClain, Jr. "controls" Clairsvelle Holdings, Ltd., but admit the remainder of the allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants deny that Padmore Holdings, Ltd. was established specifically to hold shares of Immunosyn, but admit the remainder of the allegations in paragraph 7 of the Complaint.

8.      Defendants admit the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint and respectfully refer the Court to Defendants' Schedule 13D filings for their contents and legal implications.

10.     Defendants admit that Plaintiff has asserted claims pursuant to 15 U.S.C. § 78p, but deny the remainder of the allegations in paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 11 and respectfully refer the Court to the cited statute for its contents and legal effect.

12.     In response to paragraph 12 of the Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 12 and respectfully refer the Court to the cited rule for its contents and legal effect.

13.     Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Douglas McClain, Jr. is an officer and director of Immunosyn Corporation and admit that

Douglas McClain, Jr., James T. Miceli and Argyll Biotechnologies, LLC each were and have been the beneficial owners of 10% or more of the common stock of Immunosyn Corporation since its formation.

14.    Defendants deny the allegations in paragraph 14 of the Complaint.

15.    Defendants deny the allegations in paragraph 15 of the Complaint.

16.    Defendants deny the allegations in paragraph 16 of the Complaint.

17.    Defendants deny the allegations in paragraph 17 of the Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Complaint, except admit that the sale of stock described therein occurred.

19.    Defendants deny the allegations in paragraph 19 of the Complaint, except admit that the sale of stock described therein occurred.

20.    Defendants deny the allegations in paragraph 20 of the Complaint, except admit that the sale of stock described therein occurred.

21.    Defendants deny the allegations in paragraph 21 of the Complaint, except admit that the sale of stock described therein occurred.

22.    Defendants deny the allegations in paragraph 22 of the Complaint, except admit that the sale of stock described therein occurred.

23.    Defendants deny the allegations in paragraph 23 of the Complaint, except admit that the sale of stock described therein occurred.

24.    Defendants deny the allegations in paragraph 24 of the Complaint, except admit that the sale of stock described therein occurred.

25.    Defendants deny the allegations in paragraph 25 of the Complaint, except admit that the sale of stock described therein occurred.

3

26.     Defendants deny the allegations in paragraph 26 of the Complaint, except admit that the sale of stock described therein occurred.

27.     Defendants deny the allegations in paragraph 27 of the Complaint, except admit that the sale of stock described therein occurred.

28.     Defendants deny the allegations in paragraph 28 of the Complaint, except admit that the sale of stock described therein occurred.

29.     Defendants deny the allegations in paragraph 29 of the Complaint, except admit that the sale of stock described therein occurred.

30.     Defendants deny the allegations in paragraph 30 of the Complaint, except admit that the sale of stock described therein occurred.

31.     Defendants deny the allegations in paragraph 31 of the Complaint, except admit that the sale of stock described therein occurred.

32.     Defendants deny the allegations in paragraph 32 of the Complaint, except admit that on October 3, 2007, Argyll Biotechnologies, LLC sold 375,000 shares of Immunosyn stock.

33.     Defendants deny the allegations in paragraph 33 of the Complaint, except admit that the sale of stock described therein occurred.

34.     Defendants deny the allegations in paragraph 34 of the Complaint, except admit that the sale of stock described therein occurred.

35.     Defendants deny the allegations in paragraph 35 of the Complaint, except admit that the sale of stock described therein occurred.

36.     Defendants deny the allegations in paragraph 36 of the Complaint, except admit that the sale of stock described therein occurred.

37.    Defendants deny the allegations in paragraph 37 of the Complaint, except admit that the sale of stock described therein occurred.

38.    Defendants deny the allegations in paragraph 38 of the Complaint, except admit that the sale of stock described therein occurred.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    Defendants admit the allegations in paragraph 41 of the Complaint that on April 26, 2007, Cuxhaven Holdings, Ltd. disposed of 7,290,000 shares of common stock in Immunosyn Corporation to approximately 21 personal acquaintances and relatives of James T. Miceli for no consideration, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[e]ach of such persons is believed to have disposed of his or her shares," and deny the remainder of the allegations in paragraph 41 of the Complaint.

42.    Defendants admit the allegations in paragraph 42 of the Complaint that on June 21, 2007, Clairsvelle Holdings, Ltd. disposed of 760,000 shares of common stock in Immunosyn Corporation to approximately nine personal acquaintances and relatives of Douglas McClain, Jr. for no consideration, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[e]ach of such persons is believed to have disposed of his or her shares," and deny the remainder of the allegations in paragraph 42 of the Complaint.

43.    In response to paragraph 43 of the Complaint, Defendants repeat and reallege the foregoing responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants admit the allegations in paragraph 47 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

48.     Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

49.     Defendant Argyll Biotechnologies, LLC's August 23, 2007 acquisition of Immunosyn Corporation shares was a transfer for no consideration to correct a clerical error by the transfer agent and was not a "purchase" under Section 16(b) of the Securities Exchange Act.

### THIRD AFFIRMATIVE DEFENSE

50.     Defendant Argyll Equities, LLC's acquisitions of Immunosyn Corporation shares on June 21, 2007 and August 24, 2007 were rescissions or forfeitures of prior transactions and were not "purchases" under Section 16(b) of the Securities Exchange Act.

### THIRD AFFIRMATIVE DEFENSE

51.     The alleged purchases by Argyll Equities, LLC occurred pursuant to agreements entered more than six months prior to any of the alleged sales such that Defendants did not both purchase and sell shares of Immunosyn Corporation within a period of six months.

### FOURTH AFFIRMATIVE DEFENSE

52.     The alleged purchases by defendant Argyll Equities, LLC are exempt from Section 16 liability, if any, pursuant to 240 C.F.R § 16b-3 because Argyll Equities, LLC, acting as a director-by-deputization of Immunosyn Corporation, acquired its right to obtain the shares at issue and its obligation to pay for them from Immunosyn Corporation.

### FIFTH AFFIRMATIVE DEFENSE

53.     Defendants do not constitute a "group" for purposes of Section 16(b) of the Securities Exchange Act.

6

## SIXTH AFFIRMATIVE DEFENSE

54.     Each of the alleged purchases by Argyll Equities, LLC was the exercise of an

option to repurchase the shares at issue, and therefore the purchase price for purposes of

calculating short-swing profits, if any, under Section 16(b) is the market price of the shares at the

time of the exercise of the options rather than the exercise price.


WHEREFORE, Defendants demand judgment:

      a.     dismissing the Complaint in its entirety; and

      b.     awarding to Defendants such other and further relief as the Court

deems just and proper.


Dated: April 1, 2008

THELEN REID BROWN RAYSMAN
& STEINER LLP


By: *s/   Barry G. Felder*
     Barry G. Felder
     Catherine M. McGrath
     875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants Argyll Biotechnologies,
LLC, Argyll Equities, LLC, Cuxhaven Holdings,
Ltd., Clairsvelle Holdings, Ltd., James T. Miceli
and Douglas McClain, Jr.

NY #1246961 v1

7