Barry G. Felder (No. 175658)
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

Alexandra Epand (No. 191733)
THELEN REID BROWN RAYSMAN & STEINER LLP
333 South Hope Street, Suite 2900
Los Angeles, California  90071-3048
Telephone: (213) 576-8000
Facsimile: (213) 576-8080

Attorneys for Defendants ARGYLL BIOTECHNOLOGIES, LLC,
DOUGLAS McCLAIN, JR. and JAMES T. MICELI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>                              Plaintiff,<br><br>-against-<br><br>IMMUNOSYN CORPORATION, ARGYLL BIOTECHNOLOGY LLC, DOUGLAS McCLAIN, JR. and JAMES T. MICELI,<br><br>                              Defendants. | Case No.:  08-0510 (JM) (WMC)<br><br>Judge Jeffrey T. Miller<br><br>Magistrate Judge William McCurine, Jr.<br><br>**ANSWER TO THE COMPLAINT BY DEFENDANTS ARGYLL BIOTECHNOLOGIES, LLC, DOUGLAS McCLAIN, JR. and JAMES T. MICELI** |

Defendants Argyll Biotechnologies, LLC (incorrectly named as Argyll Biotechnology LLC; "Argyll Bio"), Douglas McClain, Jr. ("McClain") and James T. Miceli ("Miceli"; referred to collectively with Argyll Bio and McClain as "Defendants"), by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, respond to Plaintiff's complaint (the "Complaint") as follows:

1. Defendants admit that Plaintiff has asserted claims pursuant to 15 U.S.C. § 78p, but deny the remainder of the allegations in paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5.   Defendants admit the allegations in paragraph 5 of the Complaint.

6.   Defendants admit that Argyll Bio is and has been the beneficial owner of 10% or more of the common stock of Immunosyn Corporation since its formation, but deny the remainder of the allegations in paragraph 6 of the Complaint and respectfully refer the Court to the cited statute for its contents and legal effect.

7.   Defendants admit the allegations in paragraph 7 of the Complaint.

8.   Defendants deny the allegations in paragraph 8 of the Complaint.

9.   Defendants admit that McClain is and has been the beneficial owner of 10% or more of the common stock of Immunosyn Corporation since its formation and admit that McClain is the corporate secretary and chairman of the board of Immunosyn, but deny the remainder of the allegations in paragraph 9 of the Complaint and respectfully refer the Court to the cited statute for its contents and legal effect.

10.  Defendants deny the allegations in paragraph 10 of the Complaint, except that, to the extent that Plaintiff's allegations concerning "Clairsville Holdings, Inc." were intended to refer to the entity known as Clairsvelle Holdings, Ltd., Defendants admit that McClain is the 100% owner of Clairsvelle Holdings, Ltd. but deny the remainder of the allegations in paragraph 10 of the Complaint.

11.  Defendants admit that Miceli is and has been the beneficial owner of 10% or more of the common stock of Immunosyn Corporation since its formation, but deny the remainder of the allegations in paragraph 11 of the Complaint and respectfully refer the Court to the cited statute for its contents and legal effect.

12.  Defendants admit the allegations in paragraph 12 of the Complaint.

13.  Defendants admit the allegations in paragraph 13 of the Complaint.

14.  Defendants admit the allegations in paragraph 14 of the Complaint.

15.  Defendants admit the allegations in paragraph 15 of the Complaint.

16.  Defendants admit the allegations in paragraph 16 of the Complaint.

17. To the extent that Plaintiff's allegations in paragraph 17 of the Complaint concerning "Padmore" were intended to refer to the entity known as Padmore Holdings, Ltd., Defendants admit the allegations in paragraph 17 of the Complaint.

18. To the extent that Plaintiff's allegations in paragraph 18 of the Complaint concerning "Padmore" were intended to refer to the entity known as Padmore Holdings, Ltd., Defendants admit the allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Defendants state that the allegations therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that Plaintiff made a demand on Immunosyn for prosecution on October 26, 2007 and that more than 60 days elapsed between that date and the filing of the Complaint, but deny the remainder of the allegations in paragraph 21 of the Complaint.

22. Defendants admit that some of the transactions alleged in the Complaint were effected in part within the Southern District of California, but deny the remainder of the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants admit that this action was commenced within two years of the specific transactions identified by date in the Complaint, but deny that any "violations" are described in the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegation that all "transactions here complained of" were required to be reported pursuant to 15 U.S.C. § 78p(b), and deny the remainder of the allegations in paragraph 24 of the Complaint.

25. Defendants deny that McClain directly made the dispositions alleged in paragraph 25 of the Complaint and deny that the disposition of 187,500 Immunosyn shares on October 3, 2007 was at a price of $0.667 per share, except admit that the remainder of the dispositions alleged in paragraph 25 of the Complaint occurred on the dates, in the quantities and at the prices described in paragraph 25 of the Complaint.

26. Defendants deny that Miceli personally made the dispositions alleged in paragraph 26 of the Complaint. Defendants admit that the dispositions alleged in paragraph 26 of the Complaint occurred on the dates, in the quantities and at the prices alleged therein, except deny that the alleged disposition on August 24, 2007 occurred and deny the accuracy of certain alleged prices or quantities as follows:

    a. Defendants deny that the disposition of 367,069 shares on October 3, 2007 was at a price of $2.98 per share and state that such price represents the average sale price for the 367,069 shares.

    b. Defendants deny that the disposition of 136,250 shares on October 18, 2007 was at a price of $9.57 per share and state that such price represents the average sale price for the 136,250 shares.

    c. Defendants deny that the total number of shares alleged to have been disposed of on October 18, 2007 is accurate and deny that any such dispositions were at a price of $8.95 per share.

Defendants deny the remainder of the allegations in paragraph 26 of the Complaint.

27. Defendants admit that Argyll Bio disposed of Immunosyn shares on the dates, in the quantities and at the prices alleged in paragraph 27 of the Complaint, except deny that the disposition of 375,000 shares on October 10, 2003 was made at the price indicated, and deny the remainder of the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except admit that Argyll Equities, LLC disposed of Immunosyn shares on the dates, in the quantities and at the prices alleged in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint, except, to the extent that Plaintiff's allegations in paragraph 29 of the Complaint concerning "Padmore" were intended to refer to the entity known as Padmore Holdings, Ltd., Defendants admit that Padmore Holdings, Ltd. disposed of Immunosyn shares on the dates, in the quantities and at the prices alleged in paragraph 29.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

| | | |
|---|---|---|
| 1 | 31. | Defendants deny the allegations in paragraph 31 of the Complaint. |
| 2 | 32. | Defendants deny the allegations in paragraph 32 of the Complaint. |
| 3 | 33. | Defendants deny the allegations in paragraph 33 of the Complaint. |
| 4 | 34. | Defendants deny the allegations in paragraph 34 of the Complaint. |
| 5 | 35. | Defendants deny the allegations in paragraph 35 of the Complaint. |
| 6 | 36. | Defendants deny the allegations in paragraph 36 of the Complaint. |
| 7 | 37. | Defendants deny the allegations in paragraph 37 of the Complaint. |
| 8 | 38. | Defendants deny the allegations in paragraph 38 of the Complaint. |

**FIRST AFFIRMATIVE DEFENSE**

39. Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

40. Defendant Argyll Bio's August 23, 2007 acquisition of Immunosyn Corporation shares was a transfer for no consideration to correct a clerical error by the transfer agent and was not a "purchase" under Section 16(b) of the Securities Exchange Act of 1934, as amended.

**THIRD AFFIRMATIVE DEFENSE**

41. Argyll Equities, LLC's acquisitions of Immunosyn Corporation shares on June 21, 2007 and August 24, 2007 were rescissions or forfeitures of prior transactions and were not "purchases" under Section 16(b) of the Securities Exchange Act of 1934, as amended.

**FOURTH AFFIRMATIVE DEFENSE**

42. The alleged purchases by Argyll Equities, LLC occurred pursuant to agreements entered more than six months prior to any of the alleged sales such that Defendants did not both purchase and sell shares of Immunosyn Corporation within a period of six months.

**FIFTH AFFIRMATIVE DEFENSE**

43. The alleged purchases by Argyll Equities, LLC are exempt from Section 16 liability, if any, pursuant to 240 C.F.R. § 16b-3 because Argyll Equities, LLC, acting as a director-by-deputization of Immunosyn Corporation, acquired its right to obtain the shares at issue and its obligation to pay for them from Immunosyn Corporation.

## SIXTH AFFIRMATIVE DEFENSE

44. Each of the alleged purchases by Argyll Equities, LLC was the exercise of an option to repurchase the shares at issue, and therefore the purchase price for purposes of calculating short-swing profits, if any, under Section 16(b) is the market price of the shares at the time of the exercise of the options rather than the exercise price.

WHEREFORE, Defendants demand judgment:

    a.    dismissing the Complaint in its entirety; and

    b.    awarding to Defendants such other and further relief as the Court deems just and proper.

Dated: April 25, 2008

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: s/ Barry G. Felder
    Barry G. Felder
    bfelder@thelen.com
    Alexandra Epand
    aepand@thelen.com
Attorneys for Defendants
ARGYLL BIOTECHNOLOGIES, LLC,
DOUGLAS McCLAIN, JR. and JAMES T. MICELI

NY #1259202 v1