1  Barry G. Felder (No. 175658)
   THELEN REID BROWN RAYSMAN & STEINER LLP
2  875 Third Avenue
   New York, New York 10022
3  Telephone: (212) 603-2000
   Facsimile: (212) 603-2001
4
   Alexandra Epand (No. 191733)
5  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
6  Los Angeles, California  90071-3048
   Telephone: (213) 576-8000
7  Facsimile: (213) 576-8080

8  Attorneys for Defendants ARGYLL BIOTECHNOLOGIES, LLC,
   DOUGLAS McCLAIN, JR. and JAMES T. MICELI
9

10              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
11
   ------------------------------------------------- x
12 DEBORAH DONOGHUE,                          :

13                       Plaintiff,           :

14           -against-                        :        Civil Action No. 08-0510 (JM) (WMC)

15                                            :
   IMMUNOSYN CORPORATION, ARGYLL             :        Judge Jeffrey T. Miller
16 BIOTECHNOLOGY LLC, DOUGLAS
   MCCLAIN, JR. AND JAMES T. MICELI,         :        Magistrate Judge William McCurine, Jr.
17
                                              :
18                     Defendants.            :

19 ------------------------------------------------- x

20
        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
21       DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE
              TO TRANSFER OR STAY THE ACTION
22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 5

POINT I    THIS ACTION SHOULD BE DISMISSED, OR, ALTERNATIVELY,
           TRANSFERRED OR STAYED, PURSUANT TO THE "FIRST-TO-FILE"
           DOCTRINE OF FEDERAL COMITY .................................................................. 5

POINT II   ALTERNATIVELY, TRANSFER IS WARRANTED GIVEN THE
           IDENTITY OF FACTS, LEGAL QUESTIONS, AND PARTIES BETWEEN
           THIS ACTION AND THE FIRST-FILED NEW YORK ACTION ........................... 6

           A.    The Interests of Justice Warrant Transfer of This Action to the Southern
                 District of New York, Where A Nearly Identical Action Is Pending ................. 7

           B.    Because Convenience Factors Do Not Favor Any Particular District,
                 Efficiency Considerations Are Paramount, And Transfer to the Southern
                 District of New York Is Warranted ................................................................... 8

CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

### Cases

*A.J. Industries, Inc. v. United States District Court,*
503 F.2d 384 (9th Cir.1974) .................................................................. 8

*Alexander v. Franklin Resources, Inc.,*
No. 06-7121, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ................... 7, 8

*Alltrade, Inc. v. Uniweld Products, Inc.,*
946 F.2d 622 (9th Cir. 1991) ............................................................ 5, 6, 8

*Continental Grain Co. v. The Barge FBL-585,*
364 U.S. 19 (1960) .............................................................................. 7

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.,*
No. 07-4634, 2008 WL 753731 (N.D. Cal. Mar. 19, 2008).................. 5

*Jolly v. Purdue Pharma LP,*
No. 05-1452, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)................ 7

*Jumapao v. Washington Mutual Bank, F.A.,*
No. 06-2285, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) ................ 6

*Lou v. Belzberg,*
834 F.2d 730 (9th Cir. 1987) ............................................................ 5, 8

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
678 F.2d 93 (9th Cir. 1982) .............................................................. 5

*Van Dusen v. Barrack,*
376 U.S. 612 (1964).......................................................................... 6, 8

### Statutes

15 U.S.C. § 78p(b) (2008) ...................................................................... 2

28 U.S.C. § 1404 (2008) .................................................................. 1, 2, 6

28 U.S.C. § 1404(a) (2008)................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE**

**TO TRANSFER OR STAY THE ACTION**

Defendants Argyll Biotechnologies, LLC (incorrectly named as "Argyll Biotechnology LLC"), James T. Miceli and Douglas McClain, Jr., by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, submit this memorandum of law in support of their motion for dismissal or, alternatively, for a transfer or stay, of this action based on principles of federal comity and 28 U.S.C. § 1404.

**PRELIMINARY STATEMENT**

The plaintiff, allegedly a shareholder of Immunosyn Corporation ("Immunosyn"), filed the complaint in this action under Section 16(b) of the Securities Exchange Act in this District on March 19, 2008, eight days after filing the same complaint in the Southern District of New York,[1] and three months after a nearly identical action was filed by another alleged Immunosyn shareholder in the Southern District of New York on December 19, 2007. In all three actions, plaintiffs have asserted derivative claims to recover alleged short-swing profits purportedly received by the defendants in connection with the alleged purchase and sale of Immunosyn shares. Accordingly, the instant action, as the third action filed seeking precisely the same relief for the same alleged injury, can achieve nothing for the real plaintiff in interest – Immunosyn – except to introduce the danger of inconsistent pretrial rulings and potentially to reduce any recovery by Immunosyn due to duplicative attorneys' fee awards. As such, this action should not be permitted to proceed.

Under the first-to-file rule of federal comity, this later-filed action, which involves the same specific transactions, the same parties, and the same causes of action and defenses as the first-filed action, should be dismissed. Moreover, plaintiff's decision to sue initially in New York and then later in California demonstrates the kind of improper forum shopping that further

---

[1] Plaintiff has now voluntarily dismissed her earlier filed New York Action. As explained *infra*, this appears to be a manipulative attempt at forum shopping.

1   warrants dismissal under the first-to-file rule.  Efficiency concerns also warrant dismissal:  in the

2   first-filed action in New York, defendants have already answered the complaint, a preliminary

3   conference was held before the Honorable Thomas Griesa, and discovery has been served.

4   Accordingly, plaintiff's duplicative action in this forum should be dismissed.

5          Alternatively, this action should be stayed or transferred to the Southern District of New

6   York, either under comity principles or pursuant to 28 U.S.C. § 1404, because duplicative

7   litigation would be wasteful and inefficient.  Should the Court decline to dismiss or stay this

8   action, the interests of justice would require transfer to the Southern District of New York.

9                                    **STATEMENT OF FACTS**

10         Plaintiff, an alleged shareholder of nominal defendant Immunosyn, commenced this action

11  (the "Third-Filed California Action") on March 19, 2008, seeking recovery of alleged short-swing

12  profits pursuant to Section 16(b) of the Securities Exchange Act.[2]  Section 16(b) requires certain

13  corporate insiders to disgorge "profits" received in connection with the sale and purchase, or

14  purchase and sale, of the corporation's securities within a six-month period.  *See* 15 U.S.C.

15  § 78p(b).  Plaintiff filed the same complaint eight days earlier in the Southern District of New

16  York in an action captioned *Donoghue v. Immunosyn Corporation*, Case No. 08-02484 (S.D.N.Y.

17  filed Mar. 11, 2008) (the "Second-Filed New York Action").[3]  Both of these complaints are

18  virtually identical to a complaint filed approximately three months earlier by another alleged

19  Immunosyn shareholder in the Southern District of New York in an action captioned *Segen v.*

20  *Argyll Biotechnologies, LLC*, Case No. 07-11395 (S.D.N.Y. filed Dec. 19, 2007) (the "First-Filed

21  New York Action").[4]  In all three actions, the plaintiffs allege that defendants Douglas McClain,

22  Jr. ("McClain") and James T. Miceli ("Miceli") beneficially own more than 10% of the shares of

23  Immunosyn Corporation through their ownership interests in defendant Argyll Biotechnologies,

24  

25  [2] A copy of the complaint in the Third-Filed California Action is annexed as Exhibit 1 to the
Felder Declaration ("Felder Decl.") submitted with this motion.

26  [3] A copy of the complaint in the Second-Filed New York Action is annexed as Exhibit 2 to the
Felder Decl.

27  [4] A copy of the complaint in the First-Filed New York Action is annexed as Exhibit 3 to the Felder

28  Decl.

1  LLC ("Argyll Bio") and related companies.  Plaintiffs thus allege that McClain, Miceli and Argyll
2  Bio are liable for short-swing profits purportedly received in connection with certain alleged
3  purchases and sales of Immunosyn shares by defendants and related entities.

4      More particularly, both plaintiffs allege that certain sales of Immunosyn shares occurring
5  between April 26, 2007 and October 24, 2007, resulted in short-swing profits for the defendants
6  when matched with four "purchases" that allegedly occurred on June 21, 2007, August 23, 2007
7  and August 24, 2007, within a six-month period of the alleged sales.  *See* Decl. Ex. 1, ¶¶ 30-33;
8  Felder Decl. Ex. 2, ¶¶ 28-31; Felder Decl. Ex. 3, ¶¶ 18-40.  There are slight differences between
9  the First-Filed New York Action and the Third-Filed California Action, namely:

10      (1) Although both plaintiffs base their claims on sales made by Argyll Equities, LLC
11  ("Argyll Equities"), an entity owned by defendants Miceli and McClain, only the First-Filed New
12  York Action names Argyll Equities as a defendant.

13      (2) The First-Filed New York Action alleges additional damages based on gifts of
14  Immunosyn shares to certain "John Doe" defendants by two related companies, Cuxhaven
15  Holdings, Ltd. and Clairsvelle Holdings, Ltd., which, as also alleged in the Third-Filed California
16  Complaint, are owned by Miceli and McClain, respectively.  In response to defendants' motion to
17  dismiss these claims, plaintiff Segen has represented that he intends to withdraw or limit the scope
18  of the gift-related claims.

19      (3) The Third-Filed California Action alleges certain sales transactions that the First-Filed
20  New York Action does not, although both actions cover the same date range.  These variations,
21  which go to the quantum rather than the existence of liability, will likely be corrected and
22  conformed through discovery.  Such discovery will involve the same documents, witnesses and
23  information in each of the actions.  *See* Felder Decl. ¶ 5.  Moreover, the facts and circumstances
24  regarding the alleged sales are unlikely to be in dispute.

25      Notwithstanding these minor variations, the key disputed issue in these actions is the same:
26  whether the four alleged purchase transactions are in fact "purchases" for purposes of Section
27  16(b) and, if so, whether such alleged purchases occurred within six months of the alleged sales as
28  would be necessary to impose liability on defendants.  As alleged in the defendants' answer in the

1  First-Filed New York Action,[5] the two Argyll Bio transactions on August 23, 2007 were not

2  purchases, but were merely transfers for no consideration effected to correct a clerical error in

3  another transaction.  *See* Felder Decl. Ex. 4, ¶¶ 48-54.  Further, the June 21, 2007 and August 24,

4  2007 transactions occurred in connection with agreements between Immunosyn and two

5  individuals who provided consulting services to Immunosyn.  Felder Decl. ¶ 5.  As alleged in the

6  First-Filed New York Action Answer, the delivery of shares by these consultants constituted

7  rescissions or forfeitures of their agreements, not purchases.  Felder Decl. Ex. 4, ¶ 50.  Even if

8  such transactions were "purchases," they occurred pursuant to agreements entered into more than

9  six months prior to any of the alleged sales and, therefore, do not subject the defendants to Section

10  16(b) liability.  *Id.* ¶ 51.

11       These and other defenses will be identical in each of the actions, and each of the actions

12  will involve the identical documents and witnesses, which exist in equal measure in California and

13  on the East Coast.[6]  In addition, since the commencement of the First-Filed New York Action in

14  December 2007, the parties participated in a preliminary conference before the Honorable Thomas

15  Griesa on March 20, 2008, defendants submitted an answer and motion for partial dismissal on

16  April 1, 2008, and discovery has been served.  Felder Decl. ¶ 6.

17       Plaintiff Donoghue has now voluntarily dismissed of the Second-Filed New York Action.

18  Her counsel has declined defendants' requests to dismiss or stay this action in favor of proceeding

19  in the Southern District of New York, citing alleged venue defects as the purported reason.  This

20  refusal has continued despite Defendants' counsel's assurances that Defendants do not object to

21  venue in the Southern District of New York.  *See* Felder Decl. ¶ 7.

22       Because plaintiff appears to be engaging in manipulative forum shopping, and because a

23  nearly identical, earlier-filed action involving the same parties is already pending in the Southern

24  _____

25  [5] A copy of the answer in the First-Filed New York Action is annexed as Exhibit 4 to the Felder
    Decl.  Defendants' answer in this action, submitted concurrently with this motion, contains

26  identical affirmative defenses.

27  [6] Relevant documents and witnesses are located in New York, New Jersey, Georgia and
    California.  Felder Decl. ¶ 5.  Further, all of the witnesses will be required to travel to New York,

28  where the First-Filed New York Action is already progressing.

1  District of New York, Defendants seek dismissal of the Third-Filed California Action or, in the

2  alternative, transfer or stay.

3  ## ARGUMENT

4  ## POINT I

5  ## THIS ACTION SHOULD BE DISMISSED, OR, ALTERNATIVELY,

6  ## TRANSFERRED OR STAYED, PURSUANT TO THE "FIRST-TO-FILE"

7  ## DOCTRINE OF FEDERAL COMITY

8       The Ninth Circuit has long recognized the general rule of federal comity that allows a

9  district court to "decline jurisdiction over an action when a complaint involving the same parties

10 and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678

11 F.2d 93, 94-95 (9th Cir. 1982) (dismissing action where suit involving same parties and issues had

12 previously been filed in another district). The purpose of this "first-to-file" rule is to promote

13 efficiency, and it "should not be disregarded lightly." *Id.* at 95 (citations omitted). Accordingly,

14 dismissal of a later-filed action is warranted where there is an identity of parties and similarity of

15 issues with the first-filed action.[7] *See Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, No.

16 07-4634, 2008 WL 753731, at *6 (N.D. Cal. Mar. 19, 2008) (dismissing action in favor of earlier-

17 filed action in the Southern District of New York). Further, dismissal, rather than stay or transfer,

18 is warranted where, as here, the court of first filing can provide an adequate remedy. *Id.* at *12

19 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991)).

20      Here, the nominally different shareholder plaintiffs in the California and New York suits

21 are suing derivatively on behalf of the same real party in interest, Immunosyn. *See Lou v.*

22 *Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, each suit alleges the identical theory of

23 liability based on the same core factual allegations, and each is subject to the same defenses.

24

25 [7] Further, none of the possible exceptions to the first-to-file rule apply here. Such exceptions
   include instances where: defendants acted in bad faith in filing an anticipatory declaratory
26 judgment suit; defendants engaged in forum shopping in such an action; convenience clearly
   favors the later-filed district; or the later action has progressed further than the first action. *See*
27 *Intersearch Worldwide, Ltd.,* 2008 WL 753731, at *9-12. Because none of these exceptions
   applies, the first-to-file rule governs.
28

1   Accordingly, the efficiency goals of the first-to-file rule would be served by dismissal of

2   plaintiff's duplicative Third-Filed California Action.

3        Further, there can be only one recovery of damages, if any, and therefore there is no

4   benefit to Immunosyn from the pendency of duplicative lawsuits.  On the contrary, plaintiff's

5   duplicative action may prejudice Immunosyn – the very party plaintiff purports to represent – by

6   depleting Immunosyn's recovery, if any, with a duplicative attorneys' fee award.  Accordingly, the

7   Third-Filed California Action should be dismissed.

8        In the alternative, it is within the Court's discretion to stay this action or transfer it to the

9   Southern District of New York as another means to avoid duplicative proceedings, waste of

10   judicial resources, and undue burden on the defendants, who will be required to engage in the

11   same discovery in each action.  *See, e.g., Alltrade, Inc.*, 946 F.2d at 629 (staying later-filed

12   action); *Jumapao v. Washington Mutual Bank, F.A.*, No. 06-2285, 2007 WL 4258636, at *1 (S.D.

13   Cal. Nov. 30, 2007) (transferring action to Eastern District of New York, where first-filed action

14   was pending).  As further discussed below, 28 U.S.C. § 1404 provides an additional ground for

15   transfer of this action to New York, should the Court choose not to dismiss the action.

16                            **POINT II**

17   **ALTERNATIVELY, TRANSFER IS WARRANTED GIVEN THE IDENTITY OF**

18   **FACTS, LEGAL QUESTIONS, AND PARTIES BETWEEN THIS ACTION**

19   **AND THE FIRST-FILED NEW YORK ACTION**

20        Transfer of the Third-Filed California Action to the Southern District of New York, where

21   a nearly identical action has been pending for over four months, and where plaintiff herself filed

22   the same action, which she then chose to dismiss, would promote judicial economy and serve the

23   convenience of the parties and witnesses, warranting transfer under 28 U.S.C. § 1404.  Under

24   Section 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district

25   court may transfer any civil action to any other district or division where it might have been

26   brought."  The purpose of Section 1404 is to "prevent the waste of time, energy, and money and to

27   protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van*

28   *Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

1    Once the threshold inquiry – whether the suit might have been brought in the transferee

2    district – is met, Section 1404 requires the transferor court to weigh the convenience of the parties,

3    the convenience of witnesses and the interest of justice, considering, among other factors:

4    (1) avoidance of multiple actions; (2) the transferee district's familiarity with the governing law;

5    (3) the feasibility of consolidation with other actions; (4) the plaintiff's choice of forum; (5) ease

6    of access to the evidence; (6) the suit's connection to the forum; and (7) any local interest in the

7    controversy. *See Alexander v. Franklin Resources, Inc.*, No. 06-7121, 2007 WL 518859, at *2

8    (N.D. Cal. Feb. 14, 2007) (transferring federal securities law action to the District of New Jersey

9    where a similar, earlier-filed action was pending); *Jolly v. Purdue Pharma LP*, No. 05-1452, 2005

10   WL 2439197 (S.D. Cal. Sept. 28, 2005) (granting motion to transfer).

11   Here, there can be no dispute that the action might have been brought in the Southern

12   District of New York. Indeed, plaintiff herself filed in that district, and another nearly identical

13   action is pending there.[8] Further, as discussed below, transfer is warranted because the balance of

14   relevant factors weighs in favor of proceeding in the Southern District of New York.

15   **A.    The Interests of Justice Warrant Transfer of This Action to the Southern**

16   **District of New York, Where A Nearly Identical Action Is Pending**

17   "To permit a situation in which two cases involving precisely the same issues are

18   simultaneously pending in different District Courts leads to the wastefulness of time, energy and

19   money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*,

20   364 U.S. 19, 26 (1960). Here, the First-Filed New York Action concerns the same facts, legal

21   questions and parties as does the Third-Filed California Action. Given the near total overlap of

22   these lawsuits, transfer of the Third-Filed California Action to the district where the earlier filed

23   action is pending is favored, particularly because consolidation of these actions before a single

24   

25   [8] Although plaintiff's counsel has raised unspecified "defects" of venue in the Southern District of
New York, such objections are entirely unwarranted. Defendants have informed plaintiff's

26   counsel that Defendants would waive any challenge to venue in the Southern District of New York
as they have done in the First-Filed New York Action. Thus, plaintiff's voluntary dismissal of the

27   Second-Filed New York Action clearly is an attempt at forum shopping which should not be
countenanced.

28

1  judge would thereby be made possible. *See Van Dusen,* 376 U.S. at 612 (noting that the feasibility

2  of consolidation weighs heavily in favor of transfer); *A.J. Indus., Inc. v. United States Dist. Ct.,*

3  503 F.2d 384 (9th Cir.1974) ("[T]he pendency of an action in another district is important because

4  of the positive effects it might have in possible consolidation of discovery and convenience to

5  witnesses and parties."). The First-Filed New York Action is already progressing through the

6  discovery phase, and Judge Griesa has already expended time becoming familiar with the issues in

7  the case. Accordingly, transfer to the Southern District of New York is appropriate.

8      **B.    Because Convenience Factors Do Not Favor Any Particular District,**

9          **Efficiency Considerations Are Paramount, And Transfer to the Southern**

10         **District of New York Is Warranted**

11      Where, as here, the location of relevant documents and witnesses and the situs of the

12  underlying transactions do not center in any one district, considerations of efficiency should

13  govern. *See Alexander,* 2007 WL 518859, at *3-4. The likely witnesses and documentary

14  evidence in this action are located in New York, New Jersey, Georgia and California. Further,

15  because the applicable law is federal securities law, no particular district is favored based on its

16  familiarity with governing law or its connection to the action. *Id.* at *4 (where federal securities

17  law governed all claims, no particular district court was better suited to hear the action).

18  Accordingly, the more important factor here is the avoidance of duplicative litigation and the

19  attendant burden on the courts and the defendants. *Id.* at *3 (transferring California action to New

20  Jersey where case involving same facts and parties was pending and noting that, "[w]ith respect to

21  the convenience of the parties, appearing in a single district is more convenient than appearing in

22  two different districts on opposite coasts of the country.").

23      Further, although weight is generally accorded plaintiff's choice of forum, when the

24  plaintiff sues derivatively on behalf of a corporation, the named plaintiff's forum choice is entitled

25  to little weight. *Lou v. Belzberg,* 834 F:2d at 739. Moreover, courts should disregard a plaintiff's

26  choice of forum where the venue is a result of forum-shopping. *Alltrade, Inc,* 946 F.2d at 628; *see*

27  *also Alexander,* 2007 WL 518859, at *4 (holding it was reasonable to infer forum-shopping where

28  the "same plaintiff represented by the same law firm" filed a similar lawsuit in New Jersey and

1  later filed in California).  Here, plaintiff initially chose to file suit in New York and has provided

2  only dubious reasons why she now prefers to proceed in California.  Both because of this apparent

3  forum shopping and because plaintiff is suing derivatively on behalf of Immunosyn, plaintiff's

4  choice of this District should be disregarded.

5  <u>**CONCLUSION**</u>

6      For the foregoing reasons, Defendants respectfully request that the Court dismiss this

7  action, or, alternatively, transfer this action to the Southern District of New York or stay this

8  action pending resolution of the first-filed New York Action, and grant such other and further

9  relief to Defendants as the Court deems just and proper.

10

11  Dated: April 25, 2008

Respectfully submitted,

12  THELEN REID BROWN RAYSMAN
& STEINER LLP

13

14  By:  *s/   Barry G. Felder*

15      Barry G. Felder
     bfelder@thelen.com

16      Alexandra Epand
     aepand@thelen.com

17  Attorneys for Defendants
ARGYLL BIOTECHNOLOGIES, LLC, JAMES T.

18  MICELI AND DOUGLAS MCCLAIN, JR.

19  NY#1258252

20

21

22

23

24

25

26

27

28