DAVID LOPEZ, ESQ. DL6779
Attorney for Plaintiff *Pro Hac Vice*
171 Edge of Woods Road
PO Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
e-Mail:  DavidLopezEsq@aol.com

WILLIAM R. FUHRMAN, ESQ. 58751
Local Counsel for Plaintiff
539 Encinitas Boulevard, Suite 111
Encinitas, California 92024-3748
Tel:    760.479.2525
Fax:    801.760.4548
e-Mail:  Bill@SDiegolaw

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH DONOGHUE,

    Plaintiff,

  - against -

IMMUNOSYN CORPORATION,
ARGYLL BIOTECHNOLOGY LLC,
DOUGLAS McCLAIN and
JAMES T. MICELI,

    Defendants.

Civil Action No. 08-0510 (JM)(WMC)

Judge Jeffrey T. Miller

Mag. Judge William McCurine, Jr.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR TRANSFER OR STAY THE ACTION**

1

## OVERVIEW

This is a shareholder suit to recover short-swing profits on behalf of Immunosyn Corporation, a nominal defendant, from the other named defendants. These profits are alleged to have been generated through the buying and selling of shares of Immunosyn Corporation beneficially owned, some directly, some through intermediary entities, by Douglas McClain, James T. Miceli and Argyll Biotechnology LLC. The purchases and sales are alleged to have taken place within periods of less than six months and the resulting profits to have been retained in violation of 15 USC 78p(b) (more commonly known as Section 16(b) of the Securities Exchange Act).

Section 16(b), by its text, requires that any shareholder seeking to enforce its provisions must first make demand upon the issuer -- Immunosyn Corporation in this case -- and wait 60 days before filing suit, 15 USC 78p(b). Failure to make demand or, more to the point in this case, failure to observe the 60 day waiting period, exposes any non-compliant suit to dismissal *Henns v. Schneider*, 132 F. Supp. 60, 62 (S.D.N.Y 1955). The statutory objective is to allow an issuer to address its own housekeeping obligations, *Colan v. Monumental Corp.*, 524 F. Supp. 1023, 1027 (N.D. Ill. 1981), quoting from *Mills v. Esmark, Inc.*, 91 F.R.D. 70 at 71-72 (N.S. Ill. 1981).

Plaintiff made demand on Immunosyn Corporation, in writing, on October 26, 2007, and waited out the 60 day statutory period. That fact is pleaded with specificity at paragraph 21 of plaintiff's complaint. *See: Defendant's Exhibit 1 on the motion, page 5,*

08 Cv 0510

par. 21.

Another shareholder of Immunosy Corporation, Leon S. Segen, made demand on Immunosyn with respect to substantially the same violations "on or about October 30, 2007...." *See: Defendant's Exhibit 3 on the motion, page 9, par. 47.* When during conversations with defense counsel Mr. Segen's attorney became aware of the earlier demand by plaintiff Mr. Segen determined to jump the turnstile. On or about December 19, 2007, he filed suit in the Southern District of New York. Sixty days had not expired from the date of his demand, October 30, 2007. Mr. Segen's suit carries the infirmity of non-compliance with the statutory requirement of patience and is subject to dismissal at such time as the defense decides, tactically, to move. *Henss v. Schneider, supra.; Kanbar v. U.S. Healthcare, Inc.*, No. 89 Civ. A. 5543, 1989 WL 136522 at 5 (E.D. Pa. November 8, 1989), *aff'd* 908 F.2d 962 (3rd Cir. 1990). That tactical move will no doubt await the outcome of this motion for dismissal.

Plaintiff, having waited more that 60 days and having unsuccessfully attempted to discuss the merits of the claims and defenses of the case with defense counsel, filed suit in the Southern District of New York on March 11, 2008.

In that complaint plaintiff alleged that "some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York through market makers located within the district". *See: Defendants' Exhibit 2, page 5, par. 21.* Further investigation of the identity of market makers and of the public record persuaded plaintiff's counsel that the allegation was not supportable in good faith

08 Cv 0510

and that the Southern District of California was the only readily identifiable valid venue. For that reason and that reason alone, with plaintiff's consent the complaint was voluntarily dismissed and suit re-filed in this district.

The Segen complaint alleges no facts whatsoever in support of its choice of venue. It simply cites the venue statute and declares venue to be proper in the Southern District of New York. *See: Defendants' Exhibit 3, page 3, par. 10.* On this separate and distinct grounds the Segen complaint is subject to dismissal at such time as the defense chooses, tactically, to move.

Finally, plaintiff's complaint alleges that all transactions by all entities identified in the complaint narrative are attributable to the beneficial ownership of the named defendants so that, for example, a sale by entity X may be matched against an opposite-way transaction of entity Y without reference to the formalities of record ownership and attributed to the pecuniary interests of Messrs. McClain, Miceli and/or Argyll. In this way a maximum recovery will be possible.

The Segen complaint adopts a "group" theory of liability in which only the transactions of each entity may be matched against opposite-way transaction of that same entity. The consequence is a vast diminution in the profits recoverable if Section 16(b) is found to be implicated. The defense would, quite naturally, prefer to need only to address the Segen complaint, loaded as it is with procedural infirmities, because even if it makes its way to adjudication the bill payable will be much lightened.

Forum shopping is indeed at work. But it is not the plaintiff doing it.

08 Cv 0510

# THIS SUIT WAS FILED IN THE SOUTHERN DISTRICT OF CALIFORNIA BECAUSE THIS IS WHERE IT BELONGS

Section 1404(a) of Title 28 of the U.S.Code, Judiciary and Judicial Procedure, provides as follows:

> "Sec. 1404. Change of Venue
>
> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is for the convenience of the parties and witnesses, not for the convenience of counsel intent on holding onto a retainer, that transfers of venue may be made. A motion under Section 1404(a) is intended to place discretion in the district court to adjudicate the motion according to individualized, case-by-case considerations of convenience and fairness. Case specific facts must be weighed. *Stewart Org. v Ricoh Corp.* (1988), 487 U.S. 22, 101 L. Ed. 2d 22, 108 S. Ct. 2239.

Messrs. McClain and Miceli and Argyll and every entity whose record ownership of shares is pleaded to give rise to beneficial ownership of Immunosyn shares by them is resident and maintains offices in the Southern District of California, not the Southern District of New York. Their address is 4225 Executive Square, Suite 260, La Jolla, California 92037. *See: Defendants' Exhibit 1, pages 3 and 4, pars. 5, 8, 11, 13, 15, and page 5, par. 23.*

Immunosyn is resident and maintains its offices in the Southern District of California, not the Southern District of New York. Its address is 4225 Executive Square,

08 Cv 0510

Suite 260, La Jolla, California 92037. *See: Defendants' Exhibit 1, page 2, par. 2.*

The transactions whereby Immunosyn shares were purchased or sold had one or both legs -- purchase and/or sale -- in the Southern District of California, not the Southern District of New York. *See: Defendants' Exhibit 1, page 5, par. 22.*

Transactions records are likeliest to be located in the Southern District of California, at 4225 Executive Square, Suite 260, La Jolla, California 92037, not the Southern District of New York except to the extent that they have been supplied to New York counsel. Venue cannot be acquired for the price of the postage needed to mail evidence into another district

Banking and brokerage records are likeliest to be located in the Southern District of California, not the Southern District of New York except to the extent that copies have been forwarded to New York counsel. The originals are still here.

Third party witnesses, as for example, stock brokers and market makers, are likeliest to be located in the Southern District of California, not the Southern District of New York.

"Where, as here, the location of relevant documents and witnesses and the situs of the underlying transactions do not center in any one district, considerations of efficiency should govern." *See: Defense Memorandum, page 8.* Your Honor: they're pulling your leg!

08 Cv 0510

The only presence in the Southern District of New York that bears on the case is that of defense counsel who informs plaintiff's counsel and the court that he is willing to waive venue defects to retain the case in the Southern District of New York. *See: Felder Declaration, par. 6; Defendants' Memorandum, page 4.*

The phrase "where it might have been brought" as it appears in Section 1404(a) does not mean "where it may now be brought, with defendants' leave, permission or consent". A district where it "might have been brought" within the meaning of Section 1404(a) is a district in which the plaintiff, as an original matter and independent of the wishes of the defendant, had the right to sue. It is immaterial that the defendants, after commencement of a suit in this court, make themselves subject by consent or by waiver of venue or otherwise, to the jurisdiction of the Southern District of New York. *Hoffman v. Blaski*, (1960) 363 U.S. 335, 4 L. Ed. 1254, 80 S. Ct. 1084.

Section 1404(a) presupposes that venue in at least two forums is a condition precedent for an application of *forum non conveniens*. *Ferguson v. Ford Motor Co.* (1950, D.C.N.Y.) 89 F. Supp. 45, *app. dismissed* (1950 C.A. 2) 182 F.2dd 329, *cert. denied* (1950) 340 U.S. 851, 95 L.Ed. 624, 71 S. Ct. 79.

The putative receiving forum must be shown to have venue. *Chicago R.I.&P.R. Co. v. Igoe* (1954, C.A. 7) 212 F.2d 378; *Keene v. Int'l Union of Operating Engineers* (1978 C.A. 5) 569 F.2d 1375. No such showing has been made with respect to the Southern District of New York.

08 Cv 0510

## COMITY DOES NOT REQUIRE THE DISMISSAL OF A SUIT WHERE DISMISSAL IS SOUGHT AS A DEVICE TO DIRECT PROSECUTION TO A FATALLY FLAWED EARLIER FILED COMPLAINT

This court is not required, in considering the defense motion for dismissal, to turn to blind eyes to the reality of what the defense is seeking. The action pending in the Southern District of New York is fatally flawed on two grounds:

1. Lack of venue.

2. Failure to comply with the statutory requirement of demand followed by a 60 day waiting period.

Dismissal of this action on grounds of comity would undoubtedly awaken the defense to the availability to it of a motion to dismiss the New York complaint, a possibility to which it has undoubtedly not given the slightest thought.

Additionally, the New York complaint, while resting on roughly the same facts, asserts a theory of liability which is defective and, if pursued, would result in far lower damages than under the complaint at bar.

"Beneficial ownership" of shares is broadly defined by the cases to include indirect holdings of every kind which yield pecuniary benefits to the holder. Plaintiff Donoghue has pled that a number of holdings of Immunosyn common stock by entities owned by Messrs. McClain, Miceli and Argyll can be attributed to them and cross-matched. The result is a universe of matchable transactions that covers *every* pleaded purchase and *every* pleaded sale to the extent of the pecuniary interests of Messrs

08 Cv 0510

McClain and Micelli and Argyll.

The New York action, on the other hand, adopts a theory grounded in Section 13(d) of the Act and the rules thereunder which deem any combination of persons who agree to act in concert to acquire, hold, vote or dispose of shares to be a "group" and in the aggregate a person. If the "group" exceeds beneficial ownership of 10% of an issuer's securities it is deemed an insider and every member of the group is also deemed a 10% beneficial owner. This is what the New York action pleads. *See: Defendants' Exhibit 4.* The limitation this theory imposes, however, is that when it comes time to compute damages only the transactions of each member of the group may be matched against other-way transactions of that same group member. The universe of matchable transactions is greatly diminished in that only the sales of member X may be matched against the purchases of member X. The transactions of member X may not be matched against member Y.

Thus, plaintiff submits, while there is an identity of parties in the New York and California actions there is not an identity of issues. And the defect in identifying issues is not with the action before this court.

### THE DEFENSE CONCERN WITH DUPLICATIVE DISCOVERY IS EASILY RESOLVED BY APPLICATION TO THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

The defense's stated concern that witnesses and parties might be subjected to inconvenient duplicative discovery in two districts can easily be resolved by an

08 Cv 0510

application to the Judicial Panel On Multidistrict Litigation. The Panel can direct that all discovery be conducted in the most logical district, the district in which all parties, primary witnesses, and the overwhelming majority of third party witnesses and documents are lodged. That is another way of saying that all discovery can be directed to the Southern District of California for the convenience of parties and witnesses ... if the Panel so decides. Once discovery is completed, the cases revert to their respective districts for trial. The complaint that has survived motion practice at that point can be tried.

## CONCLUSION

This suit has been filed in this court and not in New York because venue here is correct, the overwhelming weight of discovery of documents and witnesses will need to be conducted here, the underlying transactions took place here and all defendants reside or are domiciled here. Before the filing of suit the statutory waiting period was observed following statutory demand.

The New York action lacks venue, a defect defense counsel is willing to waive for his convenience, not for that of the parties or witnesses. The New York action is subject to dismissal at any time of the defense's choosing for failure to comply with the demand requirements of Section 16(b). And the New York action has a defective theory of damages.

It would not be in the interests of justice to dismiss the complaint in this action

08 Cv 0510

and leave the defense free to euthanize the New York action at its leisure.

The motion should be denied and the defense left to pursue discovery relief before the Judicial Panel On Multidistrict Litigation.

Dated: Southampton, New York
       May 9, 2008

Respectfully submitted,

/s/ *David Lopez*
David Lopez, Esq.
Attorney for Plaintiff *pro hac vice*

08 Cv 0510