Barry G. Felder (No. 175658)
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

Alexandra Epand (No. 191733)
THELEN REID BROWN RAYSMAN & STEINER LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone: (213) 576-8000
Facsimile: (213) 576-8080

Attorneys for Defendants ARGYLL BIOTECHNOLOGIES, LLC, DOUGLAS McCLAIN, JR. and JAMES T. MICELI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

------------------------------------------------------------ x

DEBORAH DONOGHUE,

    Plaintiff,

  -against-           Civil Action No. 08-0510 (JM) (WMC)

IMMUNOSYN CORPORATION, ARGYLL  Judge Jeffrey T. Miller
BIOTECHNOLOGY LLC, DOUGLAS
MCCLAIN, JR. AND JAMES T. MICELI,  Magistrate Judge William McCurine, Jr.

    Defendants.

------------------------------------------------------------ x

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY THE ACTION**

      Defendants Argyll Biotechnologies, LLC (incorrectly named as "Argyll Biotechnology LLC"), James T. Miceli and Douglas McClain, Jr., by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, submit this reply memorandum of points and authorities in further support of their motion for dismissal or, alternatively, for a transfer or stay, of this action based on principles of federal comity and 28 U.S.C. § 1404.

## PRELIMINARY STATEMENT

      Defendants established in their opening brief that where, as here, a plaintiff has filed a duplicative action seeking the same relief against the same parties on behalf of the same nominal plaintiff as has already been sought in an earlier filed action, the duplicative action should be dismissed. Plaintiff's opposition makes no attempt to challenge this proposition or the legal authorities cited in support of it. Nor can plaintiff dispute that the First-Filed New York Action[1] is broader and more advanced than this action. Instead, plaintiff rests her opposition on misplaced arguments that there are procedural defects in the First-Filed New York Action, and that her damages theory is different and superior.

      First, plaintiff's arguments are factually incorrect. There are no procedural defects in the First-Filed New York Action, and if there ever were, defendants waived them and reaffirm herein that they have no intention of raising them. Nor is plaintiff's damage theory substantively different. Both actions allege violations of Section 16(b), both seek to match the same alleged purchases against the same alleged sales to calculate alleged "profits," and both seek disgorgement of these alleged "profits." Oddly, the only real difference is that the First Filed New York Action alleges almost $2 million more in damages.

      Second, plaintiff assumes the wrong standard in pressing minor (if not illusory) differences in the complaints. Principles of comity permit dismissal in favor of the first-filed action where there is an overlap in parties, causes of action and operative facts, whether or not there is a complete identity of legal issues. Accordingly, even if the differences that plaintiff argues actually

---

[1] Capitalized terms used herein have the same meaning as in defendants' opening brief unless otherwise noted.

exist (and they do not), they are insignificant. The important policies of judicial economy and avoiding the threat of inconsistent results should not and do not yield to differences of the sort plaintiff argues.

Plaintiff's suggestion that these concerns could be solved through multidistrict treatment is absurd. Even if the actions were candidates for consolidation under the multidistrict procedures – and they are not – the actions would be remanded for trial. Plaintiff's solution would only defer the problem and, absent a stay, would create a thoroughly unseemly race for a court date. If there is to be consolidation in lieu of dismissal, it should be addressed after transfer to New York – the forum of the first-filed action that is convenient to the documents and witnesses residing in New York, New Jersey and Georgia.

## ARGUMENT

### POINT I

### THIS ACTION SHOULD BE DISMISSED, OR, ALTERNATIVELY, TRANSFERRED OR STAYED, PURSUANT TO THE "FIRST-TO-FILE" DOCTRINE OF FEDERAL COMITY

As established in defendants' opening brief, the "first-to-file" rule of federal comity dictates that a district court, in the interest of the efficient administration of justice, may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir. 1991); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, No. 07-4634, 2008 WL 753731, at *6 (N.D. Cal. Mar. 19, 2008). Plaintiff in her opposition does not challenge the applicability of this rule and in fact concedes that this action involves the same parties and underlying facts as the First-Filed New York Action. *See* Pl. Opp. Mem. at 8 (agreeing both complaints "rest[] on roughly the same facts") and 9 ("there is an identity of parties in the New York and California actions"). Instead, plaintiff points to alleged procedural defects in the First-Filed New York Action and a purported distinction in the theory upon which alleged damages should be calculated.

As discussed in Section A below, plaintiff's argument based on purported procedural defects in the First-Filed New York Action is meritless. Further, as discussed in Sections B and C below, the purported distinction in damages theories is illusory, and, even if some minor distinction exists, this difference is insufficient to avoid dismissal under the first-to-file rule.

### A. Commencement of the Action in the Southern District of New York Was Proper, and Any Purported Procedural Defects Have Been Waived by Defendants

#### 1. The Sixty-Day Demand Rule Provides No Basis to Avoid Dismissal of This Duplicative Action

Plaintiff asserts, without basis, that the alleged failure of plaintiff Segen to comply with Section 16(b)'s sixty-day demand rule "exposes" the First-Filed New York action to dismissal and therefore precludes dismissal of this action. *See* Pl. Opp. Mem. at 2-3, 8. Putting aside the fact that defendants have not sought dismissal on this ground – and have represented that they do not intend to do so[2] – there are in fact no grounds for dismissal on this basis under the circumstances here. Section 16(b) provides that suit may be brought by a shareholder "if the issuer shall fail or refuse to bring such suit within sixty days after request." 15 U.S.C. 78p(b). It is well settled, however, that full compliance with this demand requirement is not required where such compliance would be futile, and the failure to wait the full sixty days under such circumstances is no barrier to suit. *See* Peter J. Romeo & Alan L. Dye, Section 16 Treatise and Reporting Guide § 9.03[2][b][iii] (3d ed. 2008). Compliance with the demand requirement is excused, for example, where the issuer has indicated that it does not intend to bring suit. *See Morales v. Regent Techs., Inc.*, No. 98-112, 1998 WL 240490 at *2 (S.D.N.Y. Nov. 12, 1998) (holding plaintiff not required to wait full sixty days where corporation indicated its intent not to file suit on its own behalf).

Here, plaintiff Donoghue demanded suit on October 26, 2007, and plaintiff Segen demanded suit on October 30, 2007 (two business days later). As detailed in the Reply Declaration of Barry G. Felder submitted herewith, the parties communicated in an attempt to

---
[2] *See* Felder Decl. ¶ 7 n.1; *see also* Felder Reply Decl. ¶ 5.

resolve the dispute, and on December 17, 2007, Immunosyn informed both plaintiffs it had reached a reasonable resolution with the defendants. It was clear from Immunosyn's December 17 letter and discussions with counsel that Immunosyn did not intend to bring an action on its own behalf.[3] Segen accordingly commenced his action in New York two days later, on December 19, 2007, which was 50 days after his demand, and 54 days after the clock had begin to run for Immunosyn to initiate its own suit by virtue of plaintiff Donoghue's earlier letter. Under these circumstances, there was no reason for either plaintiff to wait the rest of the 60-day period before bringing suit. And for this reason, defendants did not raise the issue in their answer, nor do they intend to do so.

Donoghue's complaint that plaintiff Segen "jumped the turnstile" and filed suit "early" after learning of the earlier demand by Donoghue is disingenuous given that Donoghue did not file an action until March 11, 2008, nearly three months later. Even had plaintiff Segen waited the full sixty days from his October 30 demand, his action still would have preceded Donoghue's by more than two months, and Donoghue's later, duplicative action would still be subject to dismissal under the first-to-file rule.

### 2. Plaintiff Has No Basis To Object to Venue in New York for Purposes of the First-to-File Rule, As Defendants Have Waived Any Possible Venue Challenge There

Plaintiff's contention that dismissal of this action will lead defendants to make the "tactical move" of challenging venue in the pending action in New York is both contrary to representations the defendants have made to this Court and untenable as a matter of law. As is clear from defendants' answer in the First-Filed New York Action, defendants have not raised – and therefore have waived – any challenge to venue in the Southern District of New York. *See* Fed. R. Civ. P. 12(h) (defense of improper venue waived if not raised in initial pleading or motion). Defendants have further stated in their papers on this motion that they do not intend to raise any such

---

[3] Copies of the December 17 letters to the plaintiffs are annexed as Exhibit 2 to the Felder Reply Decl.

objection, and plaintiff here has no standing to do so in their stead. *See* 15 Wright & Miller, Fed. Pract. & Proc. § 3826 (2008) ("venue is a personal privilege of the defendant"); *id.* (noting that a party "may not object to venue on behalf of another"); 14D Wright & Miller, Fed. Pract. & Proc. § 3801 (2008) ("[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.") (emphasis added). Regardless of whether plaintiff Segen properly sued in the Southern District of New York, any challenge to that venue has been waived and, for purposes of the federal comity analysis, there is an earlier-filed action properly pending in that district that is virtually identical to the action at bar. As such, this action should be dismissed.

### B. The Purported Difference Between the Damages Theories in the Two Actions Is Illusory and Rests on a Mischaracterization of the Complaints and the Law

Plaintiff Donoghue asserts that, despite the overlap in facts, parties and legal claims between the two actions, her theory of damages is sufficiently distinct from plaintiff Segen's theory to avoid dismissal, stay or transfer. Specifically, Donoghue asserts that her theory matches the alleged purchases of both Argyll Equities and Argyll Bio against the alleged sales of both Argyll Equities and Argyll Bio, thereby maximizing potentially disgorgeable damages. In contrast, she asserts, plaintiff Segen only matches alleged sales by Argyll Bio against alleged purchases by Argyll Bio, and alleged sales by Argyll Equities against alleged purchases by Argyll Equities. *See* Pl. Opp. Mem. at 4, 8-9. This argument blatantly misrepresents the actual allegations of the complaints and mischaracterizes the law.

Both the First-Filed New York Action and the Third-Filed California Action purport to match the alleged purchases of *both* Argyll Bio and Argyll Equities against the alleged sales of *both* Argyll Bio and Argyll Equities, thereby alleging the maximum possible damages. *See* Plaintiff Donoghue's Complaint ("Donoghue Compl.") ¶ 34, Felder Decl. Ex. 1; New York Amended Compl. ¶ 31, Felder Reply Decl. Ex. 1. Ironically, applying the same method of matching, Donoghue arrives at an alleged damages figure of only $12.5 million, while plaintiff

Segen calculates damages of approximately $14.2 million.[4]  Significantly, both actions allege damages by this method against defendants McClain and Miceli on the same legal theory – that each has a "pecuniary interest" in the transactions of both Argyll Bio and Argyll Equities by virtue of their status as 50-percent owners and officers of both entities.[5]  *See* Donoghue Compl. ¶¶ 19, 30, Felder Decl. Ex. 1; New York Amended Compl. ¶¶ 3, 4, 27-33, Felder Ex. 1.[6]  Donoghue's claimed distinction in damage theories is thus illusory and should be disregarded.

Further, the "group" theory that plaintiff here argues is a "limit" on the damages in fact makes Segen's complaint, if anything, broader.  Under Section 16(b), a less than ten percent owner of an issuer's shares may be subject to short-swing liability if it is a member of a statutorily defined "group" that collectively owns at least ten percent of the issuer's shares.  *See* 17 C.F.R. § 240.16a-1(a); 15 U.S.C. § 78m(d)(3).  The First-Filed New York Action names Argyll Equities as a defendant based on its alleged membership in a "group" along with the other defendants.  New York Amended Compl. ¶ 10, Felder Reply Decl. Ex. 1.  Donoghue's complaint, in contrast, does not name Argyll Equities as a defendant, a fact which her misleading opposition papers fail to mention.  Accordingly, if there is any distinction to be made between the complaints in the two actions, it is that the claims in the First-Filed New York Action are slightly more expansive than

---

[4] Under Section 16(b), a beneficial owner of ten percent or more of an issuer's securities may be liable for short-swing profits from transactions in the issuer's securities.  *See* 15 U.S.C. § 78p(b).  Damages under Section 16(b) are calculated by matching purchases of any shares in which a defendant has a pecuniary interest against sales of any shares in which a defendant has a pecuniary interest to arrive at so-called short-swing profits.  *See* 15 U.S.C. § 78p(b); 17 C.F.R. § 240.16a-1(a).

[5] To the extent Donoghue purports to allege damages against Argyll Bio based on alleged purchases or sales by Argyll Equities, she has alleged no basis to do so.  Such a claim would require an allegation that Argyll Bio has a "pecuniary interest" in the transactions of Argyll Equities, an allegation Donoghue has not made because she cannot.  *See* 17 C.F.R. § 240.16a-1(a).

[6] Plaintiff Segen alleges that the alleged transactions by Argyll Bio and Argyll Equities are "attributable to defendants McClain and Miceli to the extent of their respective pecuniary interests in such transactions."  New York Amended Compl. ¶ 30, Felder Reply Decl. Ex. 1.  Plaintiff Donoghue similarly alleges that each of the alleged transactions are "attributable to McClain and Miceli to the extent of their respective pecuniary interests in" the transactions.  *See* Donoghue Compl. ¶¶ 27, 28, 29, 32, and 33, Felder Decl. Ex. 1.

the claims alleged here. However, as discussed in Section C, even if a distinction can be made, it is insufficient to avoid dismissal of this duplicative action.

### C. Even if There Were a Difference in the Damages Theories in the Two Actions, It Would Be Insufficient to Avoid Dismissal

Plaintiff argues that, although the facts and parties are the same in both the First-Filed New York Action and this action, and both actions involve the same alleged statutory violation, nevertheless, a purported difference in the theories under which damages are alleged is sufficiently serious to avoid dismissal here. Slight differences in legal issues, however, are insufficient to avoid dismissal under governing law. *See Intersearch Worldwide, Ltd.*, 2008 WL 753731 at *6 (holding that the "issues need not be identical to allow one court to decide the action so long as the overlap is "substantial") (citations omitted); *Jumapao v. Washington Mutual Bank, F.A.*, No. 06-2285, 2007 WL 4258636, at *2 (S.D. Cal. Nov. 30, 2007) (noting the "sameness requirement does not mandate that the two actions be identical, but is satisfied if they are substantially similar") (citations omitted). Here, as established in defendants' opening brief, plaintiffs in both actions allege causes of action under Section 16(b) based on the same four alleged "purchase" transactions. Regardless of plaintiff's purportedly unique damages theory, the key issue in both cases will be whether the defendants' alleged purchases were in fact "purchases" for purposes of Section 16(b) and, if so, what the operative dates of those transactions are – as to these central issues, defendants have asserted identical defenses in each of the actions, a point which plaintiff Donoghue does not refute. Accordingly, this action should be dismissed.

\* \* \*

Plaintiff here has failed to refute Defendants' showing that the first-to-file rule warrants dismissal. As discussed below, plaintiff has also failed to show any reason why, in the alternative, transfer would not be warranted under 28 U.S.C. § 1404.

# POINT II

## ALTERNATIVELY, TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS WARRANTED PURSUANT TO 28 U.S.C. § 1404

Rather than address defendants' arguments in favor of transfer to the Southern District of New York, plaintiff Donoghue has chosen to ignore the facts stated in defendants' opening papers on this motion and, instead, asserts without any basis that all witnesses and documents are likely to be located only in the Southern District of California. However, as set forth in the Felder Declaration submitted with defendants' motion and as set forth in greater detail in the Felder Reply Declaration submitted herewith, several key witnesses (and the documents in their possession) are located in New York or closer to New York than to California: the transfer agent, who, as alleged in defendants' answers, participated in and helped to correct a clerical error that plaintiffs have erroneously characterized as a "purchase," has a principal place of business in New York; defendant McClain resides and works in Georgia; and Manuel Bello, the alleged seller in one of the alleged "purchase" transactions on which liability is purportedly based, has a principal place of business in New Jersey. Felder Reply Decl. ¶ 2. Plaintiff further ignores perhaps the most significant factor favoring transfer – namely, that a nearly identical action is already pending *and will remain* in the Southern District of New York. Accordingly, transfer is warranted under 28 U.S.C. § 1404. *See Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss this action, or, alternatively, transfer this action to the Southern District of New York or stay this action pending resolution of the first-filed New York Action, and grant such other and further relief to defendants as the Court deems just and proper.

Dated: May 22, 2008

Respectfully submitted,

THELEN REID BROWN RAYSMAN
& STEINER LLP

By: s/ *Barry G. Felder*
    Barry G. Felder
    bfelder@thelen.com
    Alexandra Epand
    aepand@thelen.com
Attorneys for Defendants
ARGYLL BIOTECHNOLOGIES, LLC, JAMES T. MICELI AND DOUGLAS MCCLAIN, JR.

NY#1710764