1  Barry G. Felder (No. 175658)
   THELEN REID BROWN RAYSMAN & STEINER LLP
2  875 Third Avenue
   New York, New York 10022
3  Telephone: (212) 603-2000
   Facsimile: (212) 603-2001
4
   Alexandra Epand (No. 191733)
5  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
6  Los Angeles, California 90071-3048
   Telephone: (213) 576-8000
7  Facsimile: (213) 576-8080

8  Attorneys for Defendants ARGYLL BIOTECHNOLOGIES, LLC,
   DOUGLAS McCLAIN, JR. and JAMES T. MICELI
9
                    **UNITED STATES DISTRICT COURT**
10                  **SOUTHERN DISTRICT OF CALIFORNIA**

11 ------------------------------------------------- x
   DEBORAH DONOGHUE,                               :
12                                                 :
             Plaintiff,                            :
13                                                 :
         -against-                                 :   Civil Action No. 08-0510 (JM) (WMC)
14                                                 :
   IMMUNOSYN CORPORATION, ARGYLL             :
15 BIOTECHNOLOGY LLC, DOUGLAS                :       **REPLY DECLARATION**
   MCCLAIN, JR. AND JAMES T. MICELI,         :       **OF BARRY G. FELDER**
16                                                 :
             Defendants.                           :
17                                                 :
   ------------------------------------------------- x
18
       BARRY G. FELDER declares as follows:
19
       1.    I am a member of Thelen Reid Brown Raysman & Steiner LLP, counsel for
20
   defendants Argyll Biotechnologies, LLC (incorrectly named as "Argyll Biotechnology LLC"),
21
   James T. Miceli and Douglas McClain, Jr. I submit this declaration in further support of
22
   defendants' motion to dismiss, or, in the alternative, to transfer or stay, the action and to place
23
   certain documents before the Court.
24

25

26

27

28

2.      This action (the "Third-Filed California Action"), filed March 19, 2008, seeks recovery of alleged short-swing profits from the defendants pursuant to Section 16(b) of the Securities Exchange Act. Defendants' answer in this action (as in the earlier-filed action in New York) is that the four alleged acquisitions of Immunosyn Corporation shares by Argyll Biotechnologies, LLC ("Argyll Bio") and Argyll Equities, LLC ("Argyll Equities") are not "purchases" for purposes of Section 16(b). Proof of these claims and defenses will involve documents and testimony from both the defendants and third parties involved in the alleged purchase transactions. As noted in my initial declaration submitted with defendants' opening brief on this motion, several such witnesses are located on the East Coast. Specifically, the transfer agent, who, as alleged in defendants' answer, was involved in the clerical error that resulted in two of the alleged "purchase" transactions, is located in New York. Defendant Douglas McClain, Jr. resides and primarily works in Georgia. Manuel Bello, the party from whom Argyll Equities acquired shares in one alleged "purchase" transaction, has a principal place of business in New Jersey.

3.      As also noted in my initial declaration, on December 19, 2007, approximately three months prior to the filing of this action, another Immunosyn shareholder filed a substantially similar action against defendants here and three other parties – Argyll Equities, Cuxhaven Holdings, Ltd., and Clairsville Holdings, Ltd. – in the Southern District of New York, captioned *Segen v. Argyll Biotechnologies, LLC*, Case No. 07-11395 (the "First-Filed New York Action"). In response to a motion by defendants to dismiss the claims with respect to Cuxhaven Holdings, Ltd. and Clairsville Holdings, Ltd., counsel for plaintiff in the First-Filed New York Action withdrew those claims and, on May 9, 2008, filed an amended complaint, which names as defendants Argyll Equities and the defendants in this Third-Filed California Action. A true and correct copy of the Amended Complaint in the First-Filed New York Action is annexed hereto as <u>Exhibit 1</u>. As amended, the claims in the First-Filed New York Action now mirror even more closely the duplicative claims in the Third-Filed California Action.

4.      With respect to the timing of these actions in relation to the plaintiffs' demand letters to Immunosyn Corporation, the following should be noted: shareholders Donoghue and

Segen wrote to Immunosyn Corporation on October 26 and 30, 2008, respectively, alleging violations of Section 16(b), requesting the company to investigate and bring suit, and stating that each shareholder would bring suit on behalf of Immunosyn Corporation should the company fail to do so. Following several communications with counsel for both shareholders, on December 17, 2008, Immunosyn Corporation informed counsel for Segen and Donoghue by letter that it had investigated the complained of trading activity, considered various defenses to Section 16(b) liability and reached a resolution with the allegedly liable parties. True copies of the December 17, 2008 letters are annexed hereto as <u>Exhibit 2</u>.

5. Based on these letters and other communications between counsel, which clearly established that Immunosyn Corporation did not intend to bring suit on its own behalf, plaintiff Segen filed its original complaint in the Southern District of New York on December 19, 2007 (50 days after Segen's initial demand letter, and 54 days after Donoghue's demand). Given that this action was filed just a few days short of the expiration of the sixty-day statutory period, and that any challenge to the suit based on the sixty-day rule would likely be defeated on grounds of futility in light of Immunosyn Corporation's decision not to bring its own suit, the defendants determined that such a challenge would not be advisable. Accordingly, defendants did not raise – and do not intend to raise – such a defense. Defendants also determined not to challenge venue in New York and, having waived any such challenge, do not intend to raise the defense in the future. It should also be noted that plaintiff Donoghue did not file her original lawsuit (now dismissed) in the Southern District of New York until March 11, 2008 (137 days after her October demand), and she later filed the instant action on March 19, 2008 (145 days after her demand).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2008.

<u>s/ Barry G. Felder</u><br/>
Barry G. Felder

# EXHIBIT 1

Paul D. Wexler
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of IMMUNOSYN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARGYLL BIOTECHNOLOGIES, LLC, ARGYLL EQUITIES, LLC, DOUGLAS MCCLAIN, JR., JAMES T. MICELI, and IMMUNOSYN CORPORATION,<br><br>Defendants. | Civil Action No. 07-11395 (TPG)<br><br>AMENDED COMPLAINT<br><br>(*Jury Trial Demanded*) |

LEON S. SEGEN ("Segen"), by his attorneys, Bragar Wexler Eagel & Squire, P.C. and Ostrager Chong Flaherty & Broitman P.C., complaining of defendants, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1. Plaintiff Segen is a New York resident who is the owner of Common Stock of Immunosyn Corporation ("Immunosyn" or the "Company").

2. Immunosyn, a nominal defendant herein, is a Delaware corporation with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037.

3. Defendant Argyll Biotechnologies, LLC ("Argyll Biotechnologies") is a Delaware limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Defendants Douglas McClain, Jr. ("McClain") and James T. Miceli ("Miceli") respectively hold the offices of President and Chief Executive Officer of Argyll Biotechnologies. Argyll Biotechnologies is owned 50% by McLain and 50% by Miceli. McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by Argyll Biotechnologies.

4. Defendant Argyll Equities, LLC ("Argyll Equities") is a Texas limited liability company, with its principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McLain and Miceli respectively hold the offices of President and Chief Executive Officer of Argyll Equities. Argyll Equities is owned 50% by McLain and 50% by Miceli. McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by Argyll Equities.

5. Defendant McClain is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. McClain is the President of Argyll Biotechnologies and Argyll Equities.

6. Defendant Miceli is a United States citizen, with a principal place of business at 4225 Executive Square, Suite 260, La Jolla, California 92037. Miceli is the Chief Executive Officer of Argyll Biotechnologies and Argyll Equities.

### Jurisdiction and Venue

7. This action is brought derivatively on behalf of Immunosyn pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this district are proper pursuant to 15 U.S.C. §78(a)(a).

### The Governing Law

8. Section 16(b) of the Exchange Act provides that if an officer, director or beneficial owner of more than 10 percent of a class of equity securities of an issuer, purchases and sells or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

9. Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act, such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits which such group member earned in stock transactions effected within a six-month period.

### Background Facts

10. Argyll Biotechnologies, Argyll Equities, McClain, Miceli (collectively, the "Argyll Group"), constitute a group under §13(d)(3) of the Exchange Act. Defendants garnered short-swing profits disgorgeable to Immunosyn in the transactions hereinafter set forth. At all relevant times, Argyll Biotechnologies, Argyll Equities, McClain and Miceli separately were greater than 10% beneficial owners of Immunosyn Common Stock. Additionally, defendant McClain is an Immunosyn statutory insider by virtue of his status as an officer and director of the Company.

### The Purchase Transactions

11. On August 23, 2007, Argyll Biotechnologies purchased 33,000 shares of Company Common Stock at a price per share of $4.55.

12. On August 23, 2007, Argyll Biotechnologies purchased 80,000 shares of Company Common Stock at a price per share of $5.00.

13. On June 21, 2007, Argyll Equities purchased 2,700,000 shares of Company Common Stock at a price per share of $0.001.

14. On August 24, 2007, Argyll Equities purchased 250,000 shares of Company Common Stock at a price per share of $0.001.

### The Sale Transactions

15. During the six month period both prior and subsequent to the foregoing purchases, the Argyll Group sold Immunosyn Common Stock as follows:

### Account of Argyll Equities

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 4-26-07 | 1,144,000 | $ 4.55 |
| 4-26-07 | 37,000 | 5.00 |
| 4-26-07 | 9,900 | 5.05 |
| 8-23-07 | 73,000 | 5.00 |
| 10-3-07 | 37,500 | 5.00 |
| 10-3-07 | 37,036 | 7.50 |
| 10-18-07 | 23,500 | 5.00 |
| 10-18-07 | 249,000 | 10.00 |

TOTAL SHARES SOLD:    1,610,936

### Account of Argyll Biotechnologies

| Date | Number of Shares | Price Per Share |
|---|---|---|
| 4-26-07 | 77,000 | $ 3.25 |
| 4-26-07 | 166,100 | 4.55 |
| 4-26-07 | 124,000 | 4.84 |
| 4-26-07 | 45,000 | 5.00 |
| 7-20-07 | 127,100 | 5.00 |
| 7-20-07 | 4,000 | 5.00 |
| 10-3-07 | 375,000 | 0.67 |
| 10-3-07 | 25,000 | 2.00 |
| 10-3-07 | 119,400 | 5.00 |
| 10-3-07 | 140,202 | 7.50 |
| 10-18-07 | 1,000 | 5.00 |
| 10-18-07 | 114,067 | 7.50 |
| 10-24-07 | 16,000 | 5.00 |
| 11-01-07 | 5,333 | 7.50 |

TOTAL SHARES SOLD:    1,339,202

16. All of the above-mentioned sales and purchases occurred while the Argyll Group (and each member of the Argyll Group) was a greater than 10% beneficial owner of the Company's Common Stock. The purchases and sales made by Argyll Equities and Argyll Biotechnologies are attributable to McClain and Miceli to the extent of their pecuniary interest in the transactions by such entities.

17. The matching of purchases by Argyll Biotechnologies on August 23, 2007 of 33,000 shares at a price of $4.55 per share, and 80,000 shares at a price of $5.00 per share with sales on October 3, 2007 of a like number of shares at a price of $7.50, yields short-swing profits of $297,350 which must be returned to Immunosyn as damages for violation of §16(b).

18. The matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales during the period April 26 to October 18, 2007 yields short-swing profits of $8,758,854 which must be returned to Immunosyn as damages for violation of §16(b).

19. In the alternative, the foregoing purchase and sales of Immunosyn Common Stock made by Argyll Equities and Argyll Biotechnologies are attributable to McLain and Miceli to the extent of their pecuniary interest in the transactions by such entities. Argyll Equities and Argyll Biotechnologies are each owned 50% by McLain and 50% by Miceli. As such, McClain and Miceli each have a 50% pecuniary interest in transactions in Immunosyn Common Stock by these entities.

20. Upon information and belief, the matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales by Argyll Equities and Argyll

6

Biotechnologies during the period April 26 to November 1, 2007 yields short-swing profits of at least $14,174,352 which are attributable 50% to McLean and 50% to Miceli, and must be returned to Immunosyn as damages for violation of §16(b).

### As And For A First Claim for Relief
### Against Argyll Biotechnologies

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, *supra*, as if fully set forth herein.

22. The matching of purchases by Argyll Biotechnologies on August 23, 2007 of 33,000 shares at price of $4.55 per share, and 80,000 shares at a price of $5.00 per share with sales on October 3, 2007 of a like number of shares at a price of $7.50, yields short-swing profits of $297,350 which must be returned to Immunosyn as damages for violation of §16(b).

23. Additional damages may be assessed against defendant Argyll Biotechnologies as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

24. Accordingly, plaintiff is entitled to damages against Argyll Biotechnologies on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $297,350.

### As And For A Second Claim for Relief
### Against Argyll Equities

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, *supra*, as if fully set forth herein.

26.    As itemized in paragraphs 13 through 15 and 18, *supra*, Argyll Equities is liable for the short-swing profits realized in trading in Immunosyn securities. These transactions yield short-swing profits of $8,758,854 that Argyll Equities must disgorge to Immunosyn for violation of §16(b).

27.    Additional damages may be assessed against Argyll Equities as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

28.    Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $8,758,854.

### In the Alternative, As And For A Third Claim for Relief Against McClain and Miceli

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28, *supra*, as if fully set forth herein.

30.    As itemized in paragraphs 11 through 16, 19 and 20, *supra*, defendants Argyll Biotechnologies and Argyll Equities engaged in purchase and sale transactions in Immunosyn Common Stock within the statutory short-swing period of §16(b) which are attributable to defendants McLain and Miceli to the extent of their respective pecuniary interests in such transactions.

31.    Upon information and belief, the matching of the purchases by Argyll Equities on June 21, 2007 of 2,700,000 shares at a price of $0.001 per share, and 250,000 shares August 24, 2007 at a price of $0.001 per share with sales by Argyll Equities and Argyll Biotechnologies during the period April 26 to November 1, 2007 yields short-swing profits of at

8

least $14,174,352 which are attributable 50% to McLean and 50% to Miceli, and must be returned to Immunosyn as damages for violation of §16(b).

32. Additional damages may be assessed against defendants McLain and Mecili as a result of additional purchases and sales of Immunosyn securities of which plaintiff is not aware.

33. Accordingly, plaintiff is entitled to damages on behalf of Immunosyn in an amount which cannot be ascertained with precision at this time, but at least $14,174,352.

### Allegations As To Demand

33. On or about October 30, 2007, plaintiff made demand upon Immunosyn to commence this lawsuit. The Company has failed to do so. In a letter dated December 17, 2007, counsel for Immunosyn advised that the Company had reached a resolution of the claims set forth herein.

**WHEREFORE**, plaintiff demands judgment on behalf of Immunosyn Corporation against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
      May 8, 2008

                Yours, etc.

                BRAGAR WEXLER EAGEL & SQUIRE, P.C.

                885 Third Avenue
                New York, New York 10022
                (212) 308-5858

OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.

By: /s/ Glenn Ostrager
Glenn F. Ostrager

570 Lexington Avenue
New York, New York 10022-6894

Attorneys for Plaintiff

10

# EXHIBIT 2



**THELEN**
*Thelen Reid Brown Raysman & Steiner LLP*

875 Third Avenue   New York, NY 10022
Phone: 212 603 2000   Fax: 212 603 2001
www.thelen.com

Barry G. Felder
212.603.2220 Direct Dial
bfelder@thelen.com

December 17, 2007

**VIA FEDEX AND FACSIMILE (631-283-4735)**

David Lopez, Esq.
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11989

    Re:    **Claim Under the Securities Exchange Act § 16(b)**

Dear Mr. Lopez:

    This letter responds to your letter of October 26, 2007 to Immunosyn Corporation ("Immunosyn") in which you requested an investigation of certain transactions by Argyll Biotechnologies, LLC ("Argyll Biotechnologies") and other insiders of Immunosyn (collectively, the "Argyll Group") in light of the requirements of Section 16(b) of the Securities Exchange Act. In response to your request, Immunosyn engaged this firm to conduct such an investigation.

    We have looked into the trading activities of the Argyll Group during the relevant time period and have brought certain transactions to the Argyll Group's attention. In response, the Argyll Group has raised a number of defenses to any potential liability under Section 16(b). Notwithstanding these defenses, Immunosyn has reached a reasonable resolution with the Argyll Group.

    I look forward to speaking with you on this matter.

                                     Very truly yours,

                                       Barry G. Felder

NY #1225552 v1



| | |
|---|---|
| **∷ THELEN**<br>*Thelen Reid Brown Raysman & Steiner LLP* | 875 Third Avenue   New York, NY 10022<br>Phone: 212 603 2000   Fax: 212 603 2001<br>www.thelen.com |

Barry G. Felder
212.603.2220 Direct Dial
bfelder@thelen.com

December 17, 2007

**VIA FEDEX AND FACSIMILE (212-681-0300)**

Glenn F. Ostrager, Esq.
Ostrager Chong Flaherty & Brottman P.C.
570 Lexington Avenue
New York, New York

Re:   **Claim Under the Securities Exchange Act § 16(b)**

Dear Mr. Ostrager:

This letter responds to your letter of October 30, 2007 to Immunosyn Corporation ("Immunosyn") in which you requested an investigation of certain transactions by Argyll Biotechnologies, LLC ("Argyll Biotechnologies"), Argyll Equities, LLC ("Argyll Equities"), Cuxhaven Holdings Ltd., Clairsvelle Holdings Ltd., Douglas McClain Jr. and James T. Miceli (collectively, the "Argyll Group") in light of the requirements of Section 16(b) of the Securities Exchange Act. In response to a prior request by another shareholder in addition to your request, Immunosyn engaged this firm to conduct such an investigation.

We have looked into the trading activities of the Argyll Group during the relevant time period and have brought certain transactions to the Argyll Group's attention. In response, the Argyll Group has raised a number of defenses to any potential liability under Section 16(b). Notwithstanding these defenses, Immunosyn has reached a reasonable resolution with the Argyll Group.

I look forward to speaking with you on this matter.

Very truly yours,

Barry G. Felder

NY #1223508 v1