# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>IMUNOSYSN CORPORATION; ARGYLL BIOTECHNOLOGY LLC; DOUGLAS MCCLAIN, JR; and JAMES T. MICELI,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv0510 JM(WMc)<br><br>ORDER GRANTING MOTION TO STAY ACTION |

Defendants Argyll Biotechnologies, LLC, Douglas McClain, Jr., and James T. Miceli move to dismiss the complaint under the "first-to-file" rule or, alternatively, to transfer or stay the action. Plaintiff Deborah Donoghue opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court stays the present action pending resolution of the first-filed New York action.

**BACKGROUND**

On March 19, 2008, Plaintiff commenced this derivative action to recover alleged short-swing profits received by Defendants Argyll Biotechnology LLC, Douglas McClain, Jr., and James T. Miceli in connection with the purchase and sale of Immunosyn shares. All parties are alleged citizens of the State of California.

This is the third action filed concerning the recovery of alleged short-swing profits under Section 16(b) of the Securities Exchange Act. On December 19, 2007 a similar complaint was filed

1  by plaintiff Leon Segan in the Southern District of New York (the "First Filed-Action"). (Felder Decl.
2  Exh. 3). On March 11, 2008 Plaintiff Donoghue filed a virtually identical compliant to that at bar in
3  the Southern District of New York (the Second-Filed-Action"). (Felder Decl. Exh. 2). In all actions,
4  defendants McClain, Jr. And Miceli are the alleged beneficial owners of more than 10% of the shares
5  of Imunosyn Corporation through their ownership interest in defendant Argyll Biotechnologies, LLC.
6  In all actions the plaintiffs allege that sales of certain Immunosyn shares between April 26, 2007 and
7  October 24, 2007 resulted in short-swing profits for Defendants when matched with four purchases
8  that allegedly occurred on June 21, 2007, August 23, 2007, and August 24, 2007. (Compl. ¶¶30-33;
9  Felder Decl. Exhs. 2, 3).

## DISCUSSION

11  When related cases are pending in two federal courts, the courts have inherent power to stay
12  the proceedings in deference to the related action. See Colorado River Water Conservation District
13  v. United States, 424 U.S. 800, 817 (1976). "[T]he power to stay proceedings is incidental to the
14  power inherent in every court to control the disposition of the causes on its docket with economy of
15  time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248,
16  254 (1936).   Federal courts have long recognized that the principle of comity requires federal district
17  courts to exercise care to avoid interference with each others's affairs. See Sutter Corp. v. P & P
18  Industries, Inc., 125 F.3d 914, 917 (5th Cir. 1997). This so-called first-to-file rule was developed "to
19  serve the purpose of promoting efficiency and should not be disregarded lightly." Alltrade, Inc. v.
20  Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology v. United
21  States Dep't of the Army, 6121 F.2d 738, 750 (9th Cir. 1979)). The rule may be invoked "when a
22  complaint involving the same parties and issues has already been filed in another district." Id.

23  Here, the prerequisites to invoking the rule are satisfied. The parties agree that the first and
24  second-filed actions arise from the same transactions, facts and occurrence as the present case.
25  Plaintiffs herein oppose the motion to invoke the first-to-file rule on grounds that the other actions
26  assert additional legal theories or may be otherwise defective. For example, Plaintiff argues that the
27  Segan complaint fails to allege facts in support of venue, the Segen complaint adopts a "group" theory
28  of liability, and the Segan complaint did not comply with the 60 day waiting period of 15 U.S.C.

1  78p(b). (Oppo. at pp. 2-4). Plaintiff does not identify any purported defects with the Second-Filed-
2  Action she filed in the Southern District of New York. The court rejects Plaintiff's arguments.
3  Whether the earlier filed actions are legally or factually cognizable are not issues to be resolved in this
4  case, but the earlier filed actions.

5        The court concludes that the principle of comity is furthered by entry of a stay. A stay will
6  avoid duplicative litigation and avoid piecemeal resolution of issues. As noted in Alltrade "where the
7  first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than
8  dismissed." 946 F.2d at 629. In the event the First-Filed-Action is dismissed, a stay of this action
9  would permit Plaintiff to return to this court without the risk of encountering any statute of limitations
10 issues.

11       In sum, the motion to stay is granted. The parties are instructed to file a status conference
12 statement on or before December 1, 2008 informing the court of the status of the First-Filed-Action.
13 The failure to file the requested status report may result in the dismissal of this action without
14 prejudice.

15 **IT IS SO ORDERED.**

16 DATED: June 2, 2008

17 _____
18                                     Hon. Jeffrey T. Miller
                                    United States District Judge

cc:      All parties